**FILED**

Aifang Shi
4230 Laurel St #7
Fremont, CA 94538
Phone: (510) 490-3308

JUN 2 5 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT
Northern District Court of California

**CV 08 - 80131 MISC. RMW**

| | |
|---|---|
| Aifang Shi (Pro se) ) | CASE: CV07-1147-PHX-SRB |
| Plaintiff, ) | Pending in District Court of Arizona |
| ) | |
| vs. ) | MOTION TO QUASH THE SUBPOENA |
| Central Arizona College, Ruth E. Carlson, ) | DUCES TECUM ISSUED TO THE THIRD |
| Jon M. Stevens, Michael Hughes, and ) | PARTY, OR, IN THE ALTERNATIVE, |
| Mary Marrinan- Menchaca ) | FOR A PROTECTIVE ORDER |
| ) | |
| Defendants ) | |

HRL

**Urgent NOTICE OF MOTION TO QUASH SUBPOENA**

PLEASE TAKE NOTICE THAT a time and date to be set by the Court, Plaintiff will appear in Northern District Court of California- San Jose Division, 280 South 1st Street, San Jose, California 95113 and should move the Court for an order quashing a subpoena Duces Tecum to third party Cypress Semiconductor Corp (Cypress), which was served on Cypress by Defendants' attorney of Central Arizona College (CAC), Ms. Christie Kriegsfeld, on June 20, 2008, through an email. In the alternative, Plaintiff will move the Court for a protective order prohibiting discovery sought. This motion will be made pursuant to Fed. R. Civ. P. 45(c)(3)(A); Fed. R. Civ. P. 26; 5 U.S.C § 552a (b)(7); Internal Revenue Code; and Local Rule 7-1. In support of this motion, plaintiff submits the memorandum of points and authorities below.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**A.   Introduction and statement of facts**

Cypress is plaintiff's ex-employer and Plaintiff was laid off in March 2003.

Plaintiff lives in Fremont, California. Plaintiff enrolled in the nursing program at CAC in the fall semester of 2005 and completed her first year's Licensed Practical Nurse ("LPN") program with excellent grades. Plaintiff was dismissed from the Nursing program in the first semester of her second year, on December 16, 2006, under the newly

1

hired associate dean. The reasons for dismissal, as stated in plaintiff's dismissal letter, are as follows: (1) Self-admitting to flushing a 9-day infant's IV without faculty supervision; (2) unsatisfactory clinical journal reflecting lack of preparation of assignment of November 17, 2006; and (3) unsatisfactory clinical performance of November 20, 2006.

Plaintiff filed a complaint against CAC and four individuals in June 2007 in U. S. District Court of Arizona in Phoenix. The current operative complaint is the Second Amended Complaint, Dated February 1, 2008 ("SAC"). The discovery cutoff is July 7, 2008.

On November 26 of 2007, Ms Kriegsfeld requested that Plaintiff execute and return authorizations for full release of the medical records, employment, and educational records, where plaintiff's date of birth and Social Security number were fully typed on authorizations forms. Plaintiff objected to those request because they are privileged and protect matter and those information are irrelevant to the case.

On June 14, 2008, Plaintiff received the copies of three subpoenas Duces Tecum to three colleges that plaintiff attended, which were served through FAX on the three colleges by Defendants' attorney, Ms. Kriegsfeld, directing college to produce plaintiff's student record on or before June 20, 2008. On June 16, 2008, Plaintiff received a notice from the college. The college requested plaintiff to send a notification back prior to June 30, 2008, if Plaintiff plans to quash the subpoena.

On June 19, 2008, Plaintiff received a copy of subpoena Duces Tecum to Cypress dated on June 13, 2008("subpoena"), which was served on Cypress by Defendants' attorney, Ms. Kriegsfeld, directing Cypress to produce plaintiff's full employment record on or before June 25, 2008. Because Plaintiff did not receive a notice from Cypress, Plaintiff had to deliver her motion to quash the subpoena on June 23, 2008.

On June 23, 2008, when Plaintiff delivered her motion to quash the subpoena to Mr. Daniel Waldman, manager of legal department of Cypress, Mr. Waldman told Plaintiff that Ms. Kriegsfeld served a new subpoena on June 20, 2008 and directed Cypress to produce plaintiff's full employment records on or before June 30, 2008. Mr. Waldman also stated in his email that "the newer version of the subpoena was issued by the Northern District Court of California, not the District Court of Arizona. Cypress is obliged to produce the documents identified in the subpoena **unless you [Plaintiff] obtain a court order before then.** As a courtesy, Cypress will wait until the last day to produce documents." Because

2

Plaintiff did not receive a copy of the new subpoena, Mr. Waldman sent it to plaintiff through email on June 23, 2008 (Please refer EXHIBIT A and B of This Motion). Until now, Plaintiff has not received any information about the subpoena from Ms. Kriegsfeld.

From the proof of service, it showed Ms. Elizabeth Connor, Kriegsfeld's assistant, served the new subpoena on Mr. Waldman by email on June 20, 2008, which is not proper method to serve. Moreover, Ms. Kriegsfeld only served the new subpoena to Cypress without serving it to plaintiff, which is not allowed under the Federal Rule.

The deadline to respond to the subpoena is five days after Plaintiff received the email from Mr. Waldman. Five days is not sufficient time for plaintiff to seek protective action and imposes undue burden to plaintiff.

Specifically, in the Exhibit A attached to the subpoena, it requests Cypress Semiconductor fully disclose plaintiff's records without limitation, which is not in good faith.

B.   **Legal Arguments.**

1. **Ms. Christie Kriegsfeld has no authority to issue this subpoena and the subpoena is invalid.**

Ms. Christie Kriegsfeld is not authorized to practice in the U.S. District Court of Northern District of California. The subpoena was signed, and thus "issued," by defendants' attorney Christie Kriegsfeld, who is located in Phoenix. Under Rule 45, a subpoena may only be issued or signed by an attorney who is either " authorized to practice" in the Court in whose name it is issued (here, the Northern District Court of California) or who is authorized to practice in the Court in which the subject action is pending (here, the District of Phoenix). Fed. R. Civ. P. 45 (a)(3), if Ms. Kriegsfeld is not authorized practice in this district, the subpoena is defective and thus void.

2. **The subpoena is not "a copy of Certain Subpoena."** What Cypress received from an email on 6/20/08 is not "a copy of Certain Subpoena" but a photocopy. This violated Fed. Civ. R.P. 45(b)(1).

3

3. **The subpoena is void because Ms. Kriegsfeld failed to serve a notice to the Plaintiff (Aifang Shi) before she served the subpoena and violated Fed. Civ. R.P. 45(b)(1).** This rule says: " If the subpoena commands the production of documents, ...., then before it is served, a notice must be served on each party." Pursuant to Rule 45(b)(1), it is Mr. Kriegsfeld's liability to delivering a notice and copy of the subpoena to plaintiff. Plaintiff had not received a notice before it was served to Cypress. Moreover, Ms. Kriegsfeld has not served the copy of the subpoena to Plaintiff so that plaintiff's confidential information can be easily obtained from Cypress without plaintiff's knowledge. Even until now, Plaintiff has not received any notice about the subpoena from Ms. Kriegsfeld. The subpoena is defective ant thus void.

4. **The subpoena does not provide reasonable time for Plaintiff to seek protective action and impose undue burden to Plaintiff.**
Pursuant to Fed. R. Civ. P. 45 (c)(3)(A)(i)(iv), this Court shall quash the subpoena if it "fails to allow reasonable time for compliance; or subjects a person to undue burden." This subpoena was served on Cypress through email dated on June 20, 2008 and directed Cypress full disclosure of plaintiff's record on June 30,2008. However, plaintiff received it by email from Cypress on June 23, 2008. Defendants failed to provide reasonable time for plaintiff to seek protective action and impose undue burden to Plaintiff. And defendants did have ample time to serve their subpoena- two month or three month ago, to be precise. Defendants tactics are not allowed under Federal Rules

5. **Any new subpoenas to the colleges in California are all void.** Plaintiff knew the new subpoena was served on Cypress from Mr. Waldman when plaintiff delivered her motion to him. However, Plaintiff has not known whether or not Ms. Kriegsfeld serves the new subpoenas to Colleges in California. If it is so, that subpoenas is also defective ant thus void.

6. **The information sought by defendants is confidential information**

This subpoena requested fully disclosure of plaintiff's record, including, without limitation, to any and all information and document, etc. Pursuant to Fed. R. Civ. P. 45 (c)(3)(A)(iii), this Court shall quash the subpoena if it "requires disclosure of privileged or other protected matter, if no exception or **waiver applies**." The subpoena was not issued in good faith because it requires disclosure of all plaintiff's records which include plaintiff and her family's confidential information, but to aggressively invade privacy. To protect a person subject to or affected by the subpoena, this court should, on motion, quash the subpoena pursuant to Fed. R. Civ. P 45(c).

The condition of disclosure of personal record must be the law enforcement activity for which the record is sought pursuant to the Privacy Act of 1974 ( 5 U.S.C § 552a (b)(7)), which provides that " disclosure of the record would be within or under the control of the United States for a civil or criminal law enforcement activity if the activity is authorized by law." Mr. Kriegsfeld failed to comply with 5 U.S.C § 552a (b)(7) when sending subpoena to irrelevant third party.

### 7. The information sought by defendants is irrelevant to the case

Rule 45 adopts the standard codified 28 C.F.R. §68.18(b) and Fed. R. Civ. P. 26 (b)(1), which allows discovery for "any non-privileged matter that is relevant to the subject matter involved in the pending action …." when the discovery request " appears reasonably calculated to lead to the discovery of admissible evidence.

The subject matter of this case is about plaintiff's study as a student at CAC in the fall of 2006. Moreover, Plaintiff does not have any Employment-Relationship with CAC. Any matter of this claim and defense does not involve anything related to Title VII and employment law. Therefore, the information pertaining to Cypress has nothing to do with this claim and defense and is irrelevant to the case.

### 8. The information sought by defendants has no compelling reason

This case is about dismissing plaintiff from a nursing program of CAC and the reasons for the dismissal was clearly written on their letter. Any information about plaintiff's employment history in Cypress has nothing to do with this case. Therefore, the information sought by defendants is irrelevant to the subject matter involved in the pending action.

Plaintiff has not released her rights to execute the authorization permitting the full disclosure of employee records, even though defendants repeatedly requested plaintiff to sign the authorization form. Specifically, these are not legitimate reasons to send the subpoena to this thrid party. Indeed, in so doing, Ms. Kriegsfeld has engaged in a sanctionable abuse of her authority as an attorney.

### 9. The information sought by defendants involve plaintiff's whole family

Defendants through Ms. Kriegsfeld intentionally un-necessarily invades plaintiff's privacy through requesting all records from this employer. These records also included her whole family confidential information and tax records which are protected by Internal Revenue Code, Sections 6103, 7213, and 7431. The Internal Revenue Code prohibits direct use of federal tax return information in litigations.

### 10. Defendants failed to consult with opposing party

Furthermore, the federal district Court of Phoenix instructs the parties to discuss any discovery difficulties. Defendanfts failed to comply with this Scheduling Order and did not attempt to meet and confer with plaintiff to discuss any discovery items they identify in the subpoena. Defendants also failed to give plaintiff a notice and copy of the subpoena when sending this subpoena to third party.

Plaintiff further objects to this subpoena because it is overly broad and unduly burdensome. "The burden or expense of the proposed discovery outweighs its likely benefit" pursuant to Rule 26(b)(2)(C) (iii).

### C.  Conclusion

For all of the foregoing reasons, plaintiff respectfully requests that the Court order the subpoena be quashed or, in the alternative, that the Court issue a protective order prohibiting the discovery sought pursuant to the Subpoena.

Respectfully submitted,

Dated: 6/24/08
6/25/08

Aifang Shi

CERTIFICATION OF SERVICE

6

I certify that a true and correct copies of the foregoing is serviced by U.S. mail to the following:

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ARIZONA
Clerk, U.S. District Court
Sandra Day O'Connor U.S. Courthouse, Suite 130
401 w. Washington St., SPC-1
Phoenix, Az, 85003-2118

Christie L. Kriegsfeld
LITTLER MENDELSON
2425 East Camelback Road, Suite 900
Phoenix, AZ 85016

Cypress Semiconductor Corp
198 Champion Court, Mail 6.2
San Jose, CA 95134
ATTN: Manager of legal dept
Mr. Daniel Waldman
Phone: 408 544 1035

DATED this 25 day of June, 2008.

/s/ _Wolfgang Shin_

7



EXHIBIT A

# Issued by the
## UNITED STATES DISTRICT COURT
### Northern District of California

| Aifang Shi | **SUBPOENA IN A CIVIL CASE** |
|---|---|
| V. | |
| Central Arizona College, et al. | Case Number:[1] CV2007-1147-PHX-SRB<br>Pending in the District of AZ |

To: Cypress Semiconductor Corp.
c/o Dan Waldman, Esq.
198 Champion Court, Bldg. 6, San Jose, CA 95134

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
**See Exhibit A, attached**

| PLACE<br>Littler Mendelson, 2425 E. Camelback, Suite 900, Phoenix, AZ 85016 | DATE AND TIME<br>06/30/08 |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Christie Kriegsfeld*   Attorney for Defendants | 06/20/08 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Christie Kriegsfeld, Littler Mendelson, 2425 E. Camelback, Suite 900, Phoenix, AZ 85016

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

---

[1] If action is pending in district other than district of issuance, state district under case number.

Firmwide:85625481.1 047789.1007

American LegalNet, Inc.
www.FormsWorkflow.com

| PROOF OF SERVICE | |
|---|---|
| DATE<br>06/20/08<br>SERVED | PLACE<br>Cypress Semiconductor Corp.<br>198 Champion Court, Bldg. 6, San Jose, CA 95134<br>(via e-mail to Dan.Waldman@cypress.com) |
| SERVED ON (PRINT NAME)<br>Dan Waldman, Esq. | MANNER OF SERVICE<br>Served by e-mail, pursuant to authorization by Dan Waldman, attorney for Cypress Semiconductor Corp. |
| SERVED BY (PRINT NAME)<br>Elizabeth Conner | TITLE<br>Paralegal |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on June 20, 2008
DATE

*/s/ EK Conner*
SIGNATURE OF SERVER

ADDRESS OF SERVER
Littler Mendelson
2425 E. Camelback Rd., #900, Phoenix, AZ 85016

---

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

American LegalNet, Inc.
www.FormsWorkflow.com

Firmwide:85625481.1 047789.1007

**Exhibit A**

All records relating to Aifang Shi (███████████████████████), including, but not limited to any and all employment applications, hiring documents, acknowledgments, performance reviews, salary history, leaves of absence, disciplinary records, termination records, correspondence and any and all written materials that would be housed in an employee's personnel and supervisor's file.



**EXHIBIT B**

# YAHOO! MAIL
## Classic

**Shi: Motion to Quash**

Monday, June 23, 2008 10:57 AM

From: "Daniel Waldman" <Dan.Waldman@cypress.com>
To: carol88shi@yahoo.com
Cc: "Conner, Elizabeth K." <EConner@littler.com>
Document (2).tif (193KB), SKMBT_60008062310010.pdf (255KB)

Ms. Shi:

I just reviewed the documents attached to this e-mail (in PDF) that you left with the security guard in one of the Cypress buildings.

In your note to me, you demand that Cypress not produce any of the subpoenaed documents because you intend to file a motion to quash. As I explained to you when we talked today, although Cypress takes seriously its responsibility to protect its employees' information, Cypress will have no choice but to produce the subpoenaed documents to defendants on June 30, 2008, as required by the revised subpoena (attached in TIF format), unless your motion to quash or for protective order is heard and granted before then.

Under the Federal Rules, Cypress is only relieved of its obligations under the subpoena if a motion to quash or for a protective order is *granted* before the date of production. Merely filing the motion (which I don't even know if you've done) is not enough. If you or your California lawyer intend to appear *ex parte* in the Northern District to have your motion heard, please ensure that Cypress is informed of the date and time.

---

Daniel E. Waldman
Employment Law and Litigation Counsel
Cypress Semiconductor Corporation
408.544.1035 direct
408.456.1821 fax

NOTICE TO RECIPIENT: THIS E-MAIL IS MEANT FOR ONLY THE INTENDED RECIPIENT OF THE TRANSMISSION, AND MAY BE A COMMUNICATION PRIVILEGED BY LAW. IF YOU RECEIVED THIS E-MAIL IN ERROR, ANY REVIEW, USE, DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS E-MAIL IS STRICTLY PROHIBITED. PLEASE NOTIFY ME IMMEDIATELY OF THE ERROR BY RETURN E-MAIL AND PLEASE DELETE THIS MESSAGE FROM YOUR SYSTEM. THANK YOU IN ADVANCE FOR YOUR COOPERATION.