J. Greg Coulter; AZ Bar No. 016890, CA Bar No. 174936
gcoulter@littler.com
Christie L. Kriegsfeld, AZ Bar No. 022537
Admission *Pro Hac Vice* Pending
ckriegsfeld@littler.com
LITTLER MENDELSON
A Professional Corporation
Camelback Esplanade
2425 East Camelback Road, Suite 900
Phoenix, AZ  85016
Telephone:    602.474.3600
Facsimile:    602.957.1801

Attorneys for Defendants

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Aifang Shi,<br><br>          Plaintiff,<br><br>v.<br><br>Central Arizona College, Ruth E. Carlson, Jon M. Stevens, Michael Hughes, and Mary Marrinan-Menchaca,<br><br>          Defendants. | Case No. CV08-80131 MISC.RMW-HRL<br><br>Pending in the District of Arizona<br>Case No. CV 2007-1147-PHX-SRB<br><br>**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO QUASH THE SUBPOENA DUCES TECUM ISSUED TO THE THIRD PARTY, OR, IN THE ALTERNATIVE, FOR A PROTECTIVE ORDER** |

Defendants, by and through their undersigned counsel, hereby file their Response in Opposition to the Plaintiff's Motion to Quash Subpoena issued to Cypress Semiconductor, Corp.  Defendants respectfully request that this Court deny Plaintiff's Motion to Quash in its entirety.   This Response is supported by the attached Memorandum of Points and Authorities.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ  85016
602 474 3600

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.    FACTUAL BACKGROUND

On November 26, 2007, Defendants served Non-Uniform Interrogatories and Requests for Production in which Defendants requested that Plaintiff identify all employment, including self-employment, Plaintiff held since graduation from high school, including dates of employment, position held, supervisor, wages or salary, benefits received and reason for leaving.    Additionally, Defendants requested that Plaintiff execute an Authorization for the release of her employment information from the employers she identified in her response to Defendant's Non-Uniform Interrogatories to possibly expedite the production of relevant documents pursuant to any subpoena duces tecum Defendants issued to those employers.  Plaintiff objected to Defendants' discovery request claiming that her employment history was irrelevant to the claims and defenses in the lawsuit.

Defense counsel, through correspondence sent in an attempt to resolve the deficiencies in Plaintiff's discovery responses, reminded Plaintiff of the relevancy standard under Fed. R. Civ. P. Rule 26, which allows parties to obtain discovery regarding any matter that is relevant to the claims or defenses in the lawsuit.  *See* Exhibit 1, Correspondence. Defense counsel further explained to Plaintiff that her employment history is relevant and discoverable information because it relates to her credibility, job skills, relationship skills and damages, all of which apply to the allegations contained in Plaintiff's Complaint and the defenses asserted by Defendants.    For example, in Plaintiff's Complaint and her supplemental disclosure statement, Plaintiff provided a calculation of damages for "destroying career, loss of medical insurance, and 401k."  Furthermore, one of Defendants' defenses is that Plaintiff failed to mitigate her damages and Defendants are entitled to obtain records that reflect her employment history to determine the extent of her damages, if any.

Despite Defendants' efforts to obtain this information from Plaintiff, she continued to object to Defendants' discovery request claiming that the information sought is irrelevant to the claims and defenses in this litigation and she refused to provide any information related to her employment history. *Id.*  Accordingly, the parties attended a discovery dispute hearing

LITTLER MENDELSON
A Professional Corporation
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602 474 3600

-2-

1  on March 3, 2008 in the Arizona District Court where this lawsuit is pending regarding
2  Plaintiff's failure to supplement her discovery responses. During the hearing, the Court
3  ordered Plaintiff to answer Defendants' interrogatories and detail her prior employment. *See*
4  Exhibit 2, Transcript of Proceedings, pp. 7-9.

5       By the end of May 2008, Plaintiff had not complied with the Court's March 3, 2008,
6  Order. On May 29, 2008, Defense counsel sent a letter to Plaintiff, enclosing a copy of the
7  March 3, 2008, hearing transcript, and again requested that she provide the information as
8  ordered by the Court. On June 3, 2008, Defendants received a letter from Plaintiff, in which
9  she disclosed that she had been employed by Cypress Semiconductor Corp. *See* Exhibit 3.

10      Based on the information Plaintiff finally provided to Defendants, a subpoena duces
11 tecum was issued to Cypress Semiconductor for the production of documents related to
12 Plaintiff's employment records on Friday, June 13, 2008. The subpoena requested the
13 production of "all records relating to Aifang Shi, including but not limited to, any and all
14 employment applications, hiring documents, acknowledgments, time cards, performance
15 reviews, salary history, leaves of absence, benefit and medical records, disciplinary records,
16 termination records, correspondence and any and all written materials that would be housed
17 in an employee's personnel and supervisor's file" by June 25, 2008. *See* Exhibit 4,
18 Subpoena. A copy of the subpoena was mailed to Plaintiff on Monday, June 16, 2008. *See*
19 Exhibit 4.

20      On or about June 20, 2008, Dan Waldman, Counsel for Cypress Semiconductor
21 contacted Defense counsel's office and advised that the Subpoena needed to be re-issued in
22 the Northern District of California. Defense counsel and Mr. Waldman also agreed to
23 change the date for production to June 30, 2008, and amended the scope of the production to
24 exclude any request for timecards and benefit records. The amended Subpoena was sent on
25 June 20, 2008. A copy of the amended Subpoena was mailed to Plaintiff pursuant to Fed. R.
26 Civ. P. Rules 5(b) and 45 to Mr. Waldman via e-mail and he accepted service of process in
27 that matter. *See* Exhibit 5.

28      . . .

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602 474 3600

-3-

## II.    LEGAL ANALYSIS

### A.    Defense Counsel Has Authority To Issue The Subpoena In the Northern District of California

In her Motion, Plaintiff alleges that Defense counsel is prohibited from issuing a subpoena in any federal court because counsel is located in Phoenix, Arizona.  In support of her argument, Plaintiff cites to Fed. R. Civ. P. 45(a)(3), which states: ". . . . An attorney as officer of the court may also issue and sign a subpoena on behalf of (A) a court in which the attorney is authorized to practice; **or** (B) a court for a district in which a deposition or production pertains to an action pending in a court in which the attorney is authorized to practice." (emphasis added).

In this case, Plaintiff has a pending lawsuit against Defendants in the District Court of Arizona, in which Defense counsel is licensed to practice.  As part of that pending action in the District of Arizona, Defense counsel issued a subpoena duces tecum for the production of documents by a third party located in the Northern District of California pursuant to Fed. R. Civ. P. 45(a)(3)(B).  Accordingly, Plaintiff's argument is without merit and Defense counsel has complied with Rule 45 of the Federal Rules of Civil Procedure.

### B.    The Subpoena Complies With Rule 45(b)(1)

In her Motion, it appears that Plaintiff is making an argument on behalf of Cypress Semiconductor when she alleges that Cypress did not receive a "copy of Certain Subpoena" pursuant to Rule 45(b)(1) because Defense counsel emailed the amended Subpoena to Cypress' counsel, Dan Waldman.  *See* Plaintiff's Motion, p. 3.  As stated above, Mr. Waldman authorized Defendants to serve the amended Subpoena via e-mail and he accepted service of the Subpoena in that manner.

Contrary to Plaintiff's Motion, Rule 45(b)(1) does not contain the phrase "copy of Certain Subpoena" nor does the Rule require a specific manner of service.  Plaintiff's argument is nonsensical, unsupported by any legal authority, and should not be considered.  Moreover, Plaintiff argues that Defendants may have issued subpoenas to California colleges and if so, those subpoenas are "defective and thus void."  However, Defendants have not

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602 474 3600

-4-

1    issued any subpoenas for which Plaintiff has not received notice and Defendants have not

2    issued subpoenas to any "Colleges in California." Therefore, Plaintiff's argument that those

3    subpoenas are defective and void is likewise without merit.

4        Similarly, Plaintiff's argument that Defendants were obligated under Rule 45(b)(1) to

5    provide notice to Plaintiff prior to the issuance of the Subpoena is incorrect. Rule 45(b)(1)

6    states, in part, "[p]rior notice of any commanded production of documents and things or

7    inspection of premises before trial shall be served on each party in the manner prescribed by

8    Rule 5(b)" (emphasis added). To that end, Rule 5(b)(2)(B) provides that service upon a party

9    is made by "mailing a copy to the last known address of the person served. Service by mail

10   is complete on mailing." (emphasis added). Defendants complied with this Rule when they

11   mailed Plaintiff a copy of both the original Subpoena issued to Cypress on June 16, 2008,

12   and the amended Subpoena issued to Cypress on June 20, 2008.

13       **C.    The Subpoena Allows A Reasonable Time for Compliance by Cypress.**

14       In her Motion, Plaintiff argues that the Subpoena does not allow a reasonable time for

15   compliance and subjects Cypress to an undue burden, and she cites to Fed. R. Civ. P.

16   45(c)(3)(A)(i) and (iv) in support of her argument. As a threshold matter, Plaintiff does not

17   have standing to assert that the subpoena subjects Cypress to an undue burden and Cypress

18   has not objected to the Subpoena on that or any other basis. Moreover, Cypress has not

19   moved to quash the Subpoena for failing to allow a reasonable time to comply. Importantly,

20   Plaintiff is incorrect to assert that Defendants needed to provide her with advance notice

21   before issuing a subpoena to Cypress and she does not cite to any authority to support her

22   position.

23       Contrary to Plaintiff's assertion, Defendants did not have "ample time to serve their

24   subpoena - two or three months ago." As outlined above, Plaintiff did not supplement her

25   discovery responses to identify Cypress as her previous employer until June 3, 2008. Until

26   then, Defendants had no information related to her previous employment, despite the

27   Arizona District Court's order during the March 3, 2008, hearing. Regardless, when

28   Defendants obtained Plaintiff's supplemental discovery responses on June 3, 2008,

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602 474 3600

1    Defendants issued the Subpoena to Cypress and mailed a copy of Subpoena to Plaintiff
2    pursuant to Rule 5(b).  Defendants issued an amended Subpoena on June 20, 2008, after
3    receiving notice from Cypress to issue the subpoena out of the Northern District of
4    California and further modified the Subpoena to exclude timecards and benefits information
5    with a later production date of June 30, 2008.  Defendants also mailed the amended
6    Subpoena to Plaintiff.

7    Plaintiff has produced no evidence that the Subpoena failed to allow Cypress a
8    reasonable time to comply (and she does not have standing to make such an assertion) nor
9    has she demonstrated that she was unable to file her Motion to Quash immediately after she
10   received the first Subpoena, which was mailed to her on June 16, 2008. Regardless, Plaintiff
11   had adequate time to file her Motion to Quash prior to the production of documents by
12   Cypress,[1] and she did so on June 24, 2008.  According, Plaintiff demonstrated she had a
13   reasonable amount of time to file her Motion prior to the production of any documents.

14   **D.    The Subpoenaed Records Are Relevant.**

15   The Federal Rules of Civil Procedure authorize discovery of information that is
16   "relevant to the subject matter" of the dispute. Fed. Rules of Civ. Proc. 26(a)(1).  Federal
17   courts interpret the standard very broadly, finding that information is "relevant to the subject
18   matter" if it might reasonably assist a party in evaluating the case, preparing for trial or
19   facilitating settlement. *Hickman v. Taylor,* 329 U.S. 495, 506-507, 67 S.Ct. 385, 391 (1947).
20   The broad reach of Rule 26 encompasses any matter that bears on, or that reasonably could
21   lead to other matters that would bear on, any issue that is or may be in the case.
22   *Oppenheimer Fund Inc. v. Sanders*, 437 U.S. 340, 98 S.Ct. 2380 (1978). Information is
23   relevant if it is related to the claim or <u>defense</u> of the party seeking discovery or of any other
24   party, <u>or to the credibility of any witness</u>. *United States v. City of Torrance*, 163 F.R.D. 590,
25   592 (C.D. Cal. 1995). As such, courts <u>rarely</u> uphold objections that the information sought is

26

27

28   _____

[1] Cypress has declined to produce any documents until the Court rules on Plaintiff's Motion
to Quash.

LITTLER MENDELSON
A Professional Corporation
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

-6-

1  not relevant to the subject matter. Schwarzer, Tashima, Wagstaffe, *Federal Civil Procedure*
2  *Before Trial*, §§ 11:23, 11:26.

3      In California, a strong public policy exists that favors discovery. *See, e.g., Colonial*
4  *Life & Accident Ins. Co. v. Superior Court* 31 Cal. 3d 785, 790, 183 Cal. Rptr. 810 (1982).
5  Where, as here, an objection is based on relevancy, that objection must be overruled unless
6  there is no "reasonable possibility" that the requested documents "could lead to the discovery
7  of admissible evidence" or unless the requested documents are not helpful for trial
8  preparation. *Id.* at 813. "[D]oubts as to relevance should generally be resolved in favor of
9  permitting discovery." *Id.* at 790.

10     Relevant evidence includes the contentions made by the parties and the evidence
11  supporting those contentions. 8 Weil & Brown, California Practice Guide: Civil Procedure
12  Before Trial, §§ 8:77, 8:78 (TRG 2007). Relevant evidence also includes discovery related
13  "to the claims or defenses of the party seeking discovery, or of any other party to the action."
14  Cal. Code Civ. Pro. § 2017.010. "Such information is clearly within the scope of permissible
15  discovery . . . and thus enables a party to use discovery both to establish his or her own case
16  and to attack the adversary's." 8 Weil & Brown, California Practice Guide, *supra*, § 8:76.
17  Documents concerning the credibility of a witness are also discoverable, since "[t]he
18  credibility of . . . [a witness's] statements or testimony is itself 'relevant to the subject
19  matter.'" *Id.* at § 8:83.

20     In this case, the documents subpoenaed by Defendants have a direct bearing on the
21  claims and defenses asserted by the parties. Specifically, the subpoenaed documents pertain
22  to: (1) Plaintiff's employment history and her ability to obtain employment; (2) her
23  credibility and job skills; and (3) evidence of Plaintiff's ability to mitigate her damages
24  following her dismissal from Defendant Central Arizona College.[2] Based on the claims and

25

26  [2] Plaintiff alleges that Defendants engaged in "sanctionable abuse" when they issued the third-party
   subpoena because she claims the information sought is irrelevant. Plaintiff's allegation is entirely
27  baseless and unsupported by legal authority. Simply because Plaintiff disagrees with Defendants'
   position that the information is relevant, does not make the dispute "sanctionable." Accordingly,
28  any request made by Plaintiff for sanctions should be denied.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

-7-

1    defenses in this lawsuit and the broad relevancy standard under Rule 26(b)(1), Plaintiff's

2    employment records are relevant and discoverable via subpoena and her efforts to mitigate

3    are squarely at issue. Moreover, the Subpoena is sufficiently tailored to obtain the relevant

4    employment records and Cypress has not objected to the Subpoena or otherwise indicated

5    that the information is overly broad or unduly burdensome. Notably, in her Motion, Plaintiff

6    conveniently omits the fact that the Arizona District Court ordered her to supplement her

7    discovery responses to disclose her prior employment so Defendants could conduct their

8    discovery.

9        Furthermore, any relevant evidence not protected by an applicable privilege may be

10   discovered, and Plaintiff has the burden of proving that the information is privileged. *Davis*

11   *v. Fendler*, 650 F.2d 1154 (9th Cir. 1981). Plaintiff, however, fails to assert any privilege

12   and no such privileges exist. In fact, Plaintiff concedes in her Motion that Defendants are

13   entitled to discovery for "any non-privileged matter that is relevant to the subject matter in

14   the pending action." *See* Motion, p. 5. Because Plaintiff has not asserted a valid privilege,

15   the relevant employment information sought by Defendants is discoverable.

16       **E.    The Legitimate Interests of Defendants In Obtaining the Information**
            **Outweigh Any Possible Privacy Concerns of Plaintiff.**
17

18       No federal privileges apply to the subpoenaed information, and Plaintiff does not

19   make any argument to the contrary. She does argue that the information should be shielded

20   from discovery under The Privacy Act of 1974. It appears that Plaintiff fails to understand

21   the protections afforded to her under The Privacy Act.

22       The Privacy Act of 1974 protects individuals <u>from</u> government agencies disclosing

23   information concerning them. 5 U.S.C. § 552a; *see also*, 37A AM JUR 2D, Freedom of

24   Information Acts, § 367. A governmental agency is the only proper defendant.

25   *Schowengerdt v. General Dynamics Corp.*, 823 F.2d 1328 (9th Cir. 1987); *Petrus v. Bowen*,

26   833 F.2d 581 (5th Cir. 1987). Under the Privacy Act, the definition of "agency" includes an

27   executive department, military department, government corporation or other establishment in

28

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

-8-

1    the executive branch of the government, or any independent regulatory agency. 5 U.S.C.

2    § 552(f)(1).

3       Cypress Semiconductor is a private employer and not an "agency" as defined by the

4    Privacy Act. Accordingly, Cypress Semiconductor is not subject to The Privacy Act of

5    1974, and thus, Plaintiff has no basis to object to the production of employment records from

6    Cypress to Defendants in response to a valid Subpoena Duces Tecum. Accordingly, Plaintiff

7    has not asserted a valid objection to justify quashing the third-party subpoena.

8       Plaintiff further argues that Defendants invaded her privacy and that of her family

9    when they subpoenaed records concerning "her whole family confidential information and

10    tax records which are protected by Internal Revenue Code, Sections 6103, 7213, and 7431."

11    *See* Motion, p. 6. However, Defendants' Subpoena to Cypress Semiconductor does not

12    request any information related to Plaintiff's tax records or her family's tax records. The

13    Subpoena only requests information regarding Plaintiff and her employment with Cypress.

14    Therefore, Plaintiff's assertion should be ignored.

15       Furthermore, federal law does not recognize a privilege for personnel files. In *Garrett*

16    *v. City & County of San Francisco*, the Ninth Circuit did not consider state claims of

17    privilege in a dispute over the discovery of personnel files in a federal civil rights action.

18    818 F.2d 1515, 1519, n. 6 (9th Cir. 1987). Here, the Subpoena requests Cypress to produce

19    any and all documents that may be maintained in Plaintiff's personnel file. Thus, any

20    employment documents contained in Plaintiff's personnel file are not privileged and are

21    discoverable.

22       Moreover, even if Plaintiff asserted a privacy claim under California state law, which

23    she has not, such a claim would fail. The right of privacy recognized by California courts

24    requires a balancing of two competing interests: the discovering party's need for its

25    disclosure and the affected individual's interests in maintaining its confidentiality. *Lantz v.*

26    *Superior Court* (1994) 28 Ca. App. 4th 1839, 1857, 34 Cal. Rptr. 2d 358, 369 (1994). The

27    Court's interest in ascertaining the truth behind Plaintiff's allegations and the Defendants'

28    need for the information to defend against Plaintiff's claims outweighs her tenuous right to

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602 474 3600

-9-

1    maintain the complete privacy of the records.    As discussed above, the employment

2    information subpoenaed from Plaintiff's former employer is relevant to the claims in

3    Plaintiff's lawsuit, the defense of those claims, and her credibility with regard to the claims

4    she asserts and the damages she seeks to recover.

5        **F.    Defendants Do Not Have An Obligation To Consult With Plaintiff Prior
6              To Issuing A Third Party Subpoena.**

7        In her Motion, Plaintiff asserts that Defendants failed to comply with the Arizona

8    District Court's Scheduling Order when they did not meet and confer with Plaintiff prior to

9    the issuance of their Subpoena to Cypress.    Plaintiff has not cited to any provision in the

10   Arizona District Court's Scheduling Order that requires the parties to meet and confer prior

11   to the issuance of subpoenas for documents during discovery, and no such requirement

12   exists.    The Arizona District Court's Scheduling Order only requires the parties to "meet

13   and confer" to resolve any discovery disputes prior to filing a motion with the Court.

14   However, there is no discovery dispute for which the parties needed to "meet and confer"

15   with regard to the issuance of third-party subpoenas for the production of documents.

16   Instead, Defendants issued a Subpoena to obtain Plaintiff's employment records pursuant to

17   Rule 45 of the Federal Rules of Civil Procedure as part of the discovery process in this

18   litigation.

19       Regardless, Plaintiff had ample notice of Defendants' intent to obtain her

20   employment history because Defendants have been requesting this information from

21   Plaintiff since November 26, 2007.    Moreover, during the March 3, 2008, telephonic

22   discovery dispute hearing regarding Plaintiff's failure to supplement her discovery

23   responses to provide this information, Plaintiff again was advised of Defendants' intent to

24   obtain this relevant information.    Accordingly, Plaintiff has no basis to assert that she did

25   not receive prior notice of Defendants' intent to obtain information related to her

26   employment history, and she has provided no authority to support her position that

27   Defendants were obligated to inform her of their intent to issue a subpoena to Cypress prior

28   to its issuance.

LITTLER MENDELSON
A PROFESSIONAL CORPORATION
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602 474 3600

-10-

## III.    CONCLUSION

For all of the foregoing reasons, Defendants respectfully request that Plaintiff's Motion to Quash Subpoena be denied in its entirety.    Plaintiff's Motion to Quash was brought without substantial justification and Defendants request sanctions for the attorneys' fees and costs incurred in having to respond to her frivolous motion.

RESPECTFULLY SUBMITTED this 22nd day of July 2008.

_s/ J. Greg Coulter_
J. Greg Coulter
Christie L. Kriegsfeld
LITTLER MENDELSON, P.C.
Attorneys for Defendants

I hereby certify that I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants, and mailed a copy of same to the following if non-registrants, this 22nd day of July 2008:

AIFANG SHI
4230 Laurel St. #7
Fremont, CA 94538
Phone: (510) 490-3308
Plaintiff

_s/ Corinne Mercier_
Firmwide:85834354.2 047789.1007

LITTLER MENDELSON
A Professional Corporation
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ  85016
602 474 3600

-11-

EXHIBIT 1



LITTLER MENDELSON®

January 9, 2008

Christie L. Kriegsfeld
Direct: 602.474.3604
Direct Fax: 602.926.8765
ckriegsfeld@littler.com

Aifang Shi

~~████████████~~
~~████████████~~

Re:     ***Shi v. Central Arizona College, et al.***
         **Case No. CV07-1147-PHX-SRB**

Dear Ms. Shi:

We are in receipt of Plaintiff's responses and objections to Defendants' Request for Production of Documents and Things and Non-Uniform Interrogatories. This letter concerns those Responses, and is written pursuant to Rule 37(a)(2)(B) of the Federal Rules of Civil Procedure in an effort to resolve the deficiencies contained therein.

Rule 26 of the Federal Rules of Civil Procedure provides the scope of discovery. Specifically Rule 26(b)(1) states "parties may obtain discovery regarding any matter...that is *relevant to the claim or defense of any party*, including the existence, description, nature, custody, condition, and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." Fed. R. Civ. P. 26(b)(1) (emphasis added).

The information and documents requested in Defendants' Requests for Production and Non-Uniform Interrogatories are certainly relevant pursuant to Rule 26(b)(1) and, for the reasons stated below, Defendants request that you supplement your responses to their discovery requests.

●    **Request for Production 8; Non-Uniform Interrogatory Nos. 1, 2, 5**

You failed to provide any information or documents responsive to these discovery requests because you claim that the information "is irrelevant to the case and is limited by the physician and patient privilege." To the contrary, pursuant to Rule 26(b)(1) this information is relevant and subject to discovery because you placed any physical and psychological conditions from which you claim to suffer at issue.

Aifang Shi
January 9, 2008
Page 2

Specifically, your Complaint alleges a claim for intentional infliction of emotional distress and that you suffer from "emotional distress, mental anguish, and flashbacks." *See* Amended Complaint, ¶¶ 5 and 20. Accordingly, any past or present physical and psychological conditions you have allegedly suffered is relevant to the claims and defenses in this lawsuit.

Therefore, please supplement your responses to Non-Uniform Interrogatory Nos. 1 and 2 and identify every physician, medical care provider, mental health care provider, psychiatrist, psychologist, therapist, counselor, paramedic, social worker, chiropractor, hospital, clinic, or other healthcare facility from whom you have sought or received treatment, therapy, counseling, or examination for the last five years and for injuries you contend were caused by defendants. Also produce any documents in your possession that reflect this information. Additionally, please identify all medical or other insurance coverage you have received in the last five years as requested in Non-Uniform Interrogatory No. 5. Again, this information is not only relevant to your claims but also to your duty to mitigate damages. Finally, please produce an executed medical authorization as requested in Request for Production No. 8. We have included another authorization for you to execute and return to us.

- **Request for Production 9; Non-Uniform Interrogatory Nos. 7, 9**

These discovery requests ask you to provide information related to your educational and employment history. Additionally, you were requested to provide an executed authorization permitting the full disclosure of employment and educational records; however, you failed to sign and produce an authorization and you objected to these discovery requests claiming the information sought is irrelevant to this case. Again, the relevancy standard under Rule 26 allows Defendants to obtain discovery regarding any matter that is relevant to the claims or defenses in this lawsuit. Here, your educational and employment history is certainly relevant and discoverable information because it relates to your credibility, job skills, and relationship skills, all of which apply to the allegations contained in your Complaint and the defenses asserted by Defendants. Specifically, in your Complaint and supplemental disclosure statement you provided a calculation of damages for "destroying career, loss of medical insurance, and 401K." Moreover, as the plaintiff, you have a duty to mitigate your damages, and Defendants are entitled to obtain records that reflect your employment and educational history to determine the extent of your damages, if any. Therefore, please supplement your responses to Non-Uniform Interrogatories 7 and 9 and produce an executed employment and education authorization as requested in

Aifang Shi
January 9, 2008
Page 3


Request for Production No. 9.  We have enclosed another authorization for you to execute and return to us.

- **Non-Uniform Interrogatory No. 12**

This interrogatory asks you to provide any information related to public assistance income, funds or benefits for the past 10 years.  Again, the information requested in this interrogatory is relevant to the claims and defenses in this case for the reasons discussed above.  Moreover, as the plaintiff, you have a duty to mitigate your damages and Defendants are entitled to obtain records that reflect any public assistance income, funds or benefits that you receive from any source.  Accordingly, please supplement your response to Non-Uniform Interrogatory No. 12.

Please consider this letter as our good faith attempt to resolve this discovery dispute.  Please supplement Plaintiff's responses to Defendant's discovery requests as discussed above by **January 22, 2008,** or we will be forced to contact the Court to request a telephonic conference to resolve this matter as required by the Court's Rule 16 Scheduling Order.

Respectfully,

*Christie Kriegsfeld*

Christie L. Kriegsfeld


Enclosures


Firmwide:84014035.1 047789.1007

**Kriegsfeld, Christie L.**

| | |
|---|---|
| **From:** | Kriegsfeld, Christie L. |
| **Sent:** | Wednesday, February 13, 2008 10:18 AM |
| **To:** | Shi v Cac |
| **Cc:** | Coulter, J. Greg; Sanschagrin, Jaye; Martin, Merry E. |
| **Subject:** | Shi v. CAC |
| **Attachments:** | January 9, 2008 letter.PDF |

Ms. Shi:

As you know, we outlined for you plaintiff's discovery responses that were deficient in our January 9, 2008 letter pursuant to F.R.C.P. Rule 37(a)(2)(B). Those included plaintiff's deficient responses to Request for Production 8 and 9, and plaintiff's responses to Non-Uniform Interrogatories 1, 2, 5, 7, 9, and 12. The information sought in those requests are relevant to the claims and defenses in this lawsuit for the reasons outlined in our January 9, 2008 letter. I have attached another copy for your reference. Instead of supplementing your responses and providing executed authorizations as requested in defendants' discovery requests, you submitted two letters to Judge Bolton alleging that the information requested is not relevant to the claims and defenses in this matter and you have refused to supplement the responses to defendants' discovery requests.

Accordingly, due to our inability to resolve this discovery dispute, we have contacted the court and scheduled a telephonic conference with Judge Bolton to resolve these issues pursuant to the Case Management Order. It is scheduled for March 3, 2008 at 11:30 (MST), 10:30 (PST). My office will initiate the conference call. Please provide me with a telephone number where you can be reached at that time.

In the interim, if we receive plaintiff's supplemental responses as requested in our January 9, 2008 letter prior to the telephonic conference, we will inform the court that the telephonic conference is no longer needed.

Christie L. Kriegsfeld
Littler Mendelson, P.C.
2425 E. Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600 (office)
602.474.3604 (direct dial)
602.770.2332 (cell)
602.926.8765 (fax)

## Kriegsfeld, Christie L.

**From:**      Kriegsfeld, Christie L.
**Sent:**      Thursday, February 14, 2008 2:48 PM
**To:**        Shi v Cac
**Subject:** RE: Shi v. CAC

Ms. Shi:

We did not receive your supplemental responses to those discovery requests. Please refer to the deficiencies in those responses that we outlined in our January 9, 2008 letter, a copy of which I again sent to you yesterday. Additionally, we have not received your signed authorizations for the release of any medical, educational and employment records for those providers and entities that we asked you to provide in your supplemental responses.

Christie L. Kriegsfeld
Littler Mendelson - Phoenix Office
602.474.3604

___

**From:** Shi v Cac [mailto:shivcac@yahoo.com]
**Sent:** Wednesday, February 13, 2008 12:52 PM
**To:** Kriegsfeld, Christie L.
**Subject:** Re: Shi v. CAC

I already sent my response to your 1, 2, 5, 7, 9, and 12. Do you want me send you again ?

Let me know if you want me send you again.

*"Kriegsfeld, Christie L." <CKriegsfeld@littler.com>* wrote:

> Ms. Shi:
>
> As you know, we outlined for you plaintiff's discovery responses that were deficient in our January 9, 2008 letter pursuant to F.R.C.P. Rule 37(a)(2)(B). Those included plaintiff's deficient responses to Request for Production 8 and 9, and plaintiff's responses to Non-Uniform Interrogatories 1, 2, 5, 7, 9, and 12. The information sought in those requests are relevant to the claims and defenses in this lawsuit for the reasons outlined in our January 9, 2008 letter. I have attached another copy for your reference. Instead of supplementing your responses and providing executed authorizations as requested in defendants' discovery requests, you submitted two letters to Judge Bolton alleging that the information requested is not relevant to the claims and defenses in this matter and you have refused to supplement the responses to defendants' discovery requests.
>
> Accordingly, due to our inability to resolve this discovery dispute, we have contacted the court and scheduled a telephonic conference with Judge Bolton to resolve these issues pursuant to the Case Management Order. It is scheduled for March 3, 2008 at 11:30 (MST), 10:30 (PST). My office will initiate the conference call. Please provide me with a telephone number where you can be reached at that time.
>
> In the interim, if we receive plaintiff's supplemental responses as requested in our January 9, 2008 letter prior to the telephonic conference, we will inform the court that the telephonic conference is no longer needed.

2/25/2008

Christie L. Kriegsfeld
Littler Mendelson, P.C.
2425 E. Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600 (office)
602.474.3604 (direct dial)
602.770.2332 (cell)
602.926.8765 (fax)

----    To ensure compliance with requirements imposed by the IRS, we inform you th
or matter addressed herein.    This email may contain confidential and privileged

---

Be a better friend, newshound, and know-it-all with Yahoo! Mobile. Try it now.

2/25/2008

## Kriegsfeld, Christie L.

**From:**     Kriegsfeld, Christie L.
**Sent:**     Tuesday, February 19, 2008 10:34 AM
**To:**       Shi v Cac
**Subject:** RE: Shi v. CAC

Ms. Shi:

Pursuant to Paragraph J of the Court's Scheduling Order dated December 3, 2007, the Court discouraged the
filing of motions on discovery matters and instead directed the parties to first try to resolve the discovery dispute.
If the parties are unable to resolve the matter, the Order instructs the parties to arrange for a conference call with
the Court to resolve the matter orally in court in lieu of filing a formal motion.
Accordingly, due to our inability to resolve this discovery dispute, we have contacted the court and scheduled a
telephonic conference with Judge Bolton to resolve these issues pursuant to the Court's Scheduling Order. It is
scheduled for March 3, 2008 at 11:30 (MST), 10:30 (PST). My office will initiate the conference call. Please
provide me with a telephone number where you can be reached at that time.

In the interim, if we receive plaintiff's supplemental responses as requested in our January 9, 2008 letter prior to
the telephonic conference, we will inform the court that the telephonic conference is no longer needed.

Christie L. Kriegsfeld
Littler Mendelson - Phoenix Office
602.474.3604

---

**From:** Shi v Cac [mailto:shivcac@yahoo.com]
**Sent:** Saturday, February 16, 2008 3:19 PM
**To:** Kriegsfeld, Christie L.
**Cc:** shivcac@yahoo.com
**Subject:** Re: Shi v. CAC

Ms. Kriegsfeld,

According to your email, I knew that you had already contacted the Court and scheduled a phone
conference for 3/3/08. When did you contact the Court ? What kind of method did you use to contact
the Court ( i.e., Email , letter, or motion) ?

Aifang Shi

*"Kriegsfeld, Christie L." <CKriegsfeld@littler.com>* wrote:

Ms. Shi:

As you know, we outlined for you plaintiff's discovery responses that were deficient in our January 9,
2008 letter pursuant to F.R.C.P. Rule 37(a)(2)(B). Those included plaintiff's deficient responses to
Request for Production 8 and 9, and plaintiff's responses to Non-Uniform Interrogatories 1, 2, 5, 7, 9, and

12.  The information sought in those requests are relevant to the claims and defenses in this lawsuit for the reasons outlined in our January 9, 2008 letter.  I have attached another copy for your reference.  Instead of supplementing your responses and providing executed authorizations as requested in defendants' discovery requests, you submitted two letters to Judge Bolton alleging that the information requested is not relevant to the claims and defenses in this matter and you have refused to supplement the responses to defendants' discovery requests.

Accordingly, due to our inability to resolve this discovery dispute, we have contacted the court and scheduled a telephonic conference with Judge Bolton to resolve these issues pursuant to the Case Management Order.  It is scheduled for March 3, 2008 at 11:30 (MST), 10:30 (PST).  My office will initiate the conference call.  Please provide me with a telephone number where you can be reached at that time.

In the interim, if we receive plaintiff's supplemental responses as requested in our January 9, 2008 letter prior to the telephonic conference, we will inform the court that the telephonic conference is no longer needed.

Christie L. Kriegsfeld
Littler Mendelson, P.C.
2425 E. Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600 (office)
602.474.3604 (direct dial)
602.770.2332 (cell)
602.926.8765 (fax)


  ----    To ensure compliance with requirements imposed by the IRS, we inform you th
    contained in this document (including any attachments)  is not intended or writter


_____

Be a better friend, newshound, and know-it-all with Yahoo! Mobile. Try it now.

EXHIBIT 2

CV07-1147-PHX-SRB 03-03-08 Shi vs Central Arizona College.TXT

1

```
 1                  IN THE UNITED STATES DISTRICT COURT

 2                    FOR THE DISTRICT OF ARIZONA

 3

 4  AIFANG SHI,                    )
                                   )
 5             Plaintiff,          )
                                   )
 6      vs.                        )   NO. CV07-1147-PHX-SRB
                                   )
 7  CENTRAL ARIZONA COLLEGE, RUTH  )
    E. CARLSON, JON M. STEVENS,    )   Phoenix, Arizona
 8  MICHAEL HUGHES, and MARY       )   March 3, 2008
    MARRINAN-MENCHACA,             )   11:28 a.m.
 9                                 )
               Defendants.         )
10

11                  REPORTER'S TRANSCRIPT OF PROCEEDINGS
12               BEFORE THE HONORABLE SUSAN R. BOLTON
                    UNITED STATES DISTRICT JUDGE
13
                    (TELEPHONIC DISCOVERY DISPUTE)
14

15  APPEARANCES:

16  For the Plaintiff:        Aifang Shi, Pro Se
17                            4230 Laurel Street, #7
                              Fremont, California 94538
18
    For the Defendants:       Christie L. Kriegsfeld
19                            LITTLER MENDELSON, P.C.
                              2425 East Camelback Road
20                            Suite 900
                              Phoenix, Arizona 85016
21
    Court Reporter:           Kim R. Moll, RDR-CRR
22                            Official Court Reporter
                              401 W. Washington, Suite 312
23                            Phoenix, Arizona 85003
                              (602) 322-7252
24
25  Proceedings taken by Stenographic Court Reporter
    Transcript prepared by Computer-Aided Transcription
```

2


R E C E I V E D
2
MAY 1 4 2008
LITTLER MENDELSON, P.C.
PHOENIX, AZ

P R O C E E D I N G S

(Commenced 11:28 a.m., March 3, 2008.)

Page 1

CV07-1147-PHX-SRB 03-03-08 Shi vs Central Arizona College.TXT

8

```
 1   is illogical, based on that.  So I request the same documents
 2   from the defendants, but they refuse to answer me.  Defendants
 3   have had -- because I believe defendants have (inaudible) and a
 4   psychological condition must be full -- must be also fully
 5   disclosed that because defendants have psychological and a
 6   physical condition where -- to where the defendants cannot
 7   dismiss the plaintiff.  That's number -- number -- number two.
 8   Okay.
 9              THE COURT:  Well, wait a minute.  Wait a minute,
10   Ms. Shi.
11              Let -- before you go on to three, four and five, a
12   couple of --
13              MS. SHI:  Okay.
14              THE COURT:  -- a couple of things.
15              Number one, if you put your emotional condition --
16              MS. SHI:  No.
17              THE COURT:  -- into the case by claiming damages for
18   emotional distress --
19              MS. SHI:  No.
20              THE COURT:  Stop saying "no."  Just listen to what I
21   say.
22              MS. SHI:  Oh.
23              THE COURT:  If you're claiming damages for emotional
24   distress --
25              MS. SHI:  Uh-hmm.
```

9

```
 1              THE COURT:  -- and you refuse to reveal anything about
 2   any prior treatment that you have received for emotional
```

CV07-1147-PHX-SRB 03-03-08 Shi vs  Central Arizona College.TXT

3    distress, then you will be severely limited at trial, if not

4    precluded at trial, from seeking those types of damages.  So

5    it's really up to you.

6         At this point in time, if you want to protect any

7    prior medical records that you have relating to treatment for

8    any type of emotional condition, stress-related condition, or

9    the like, you can keep that private.  But that doesn't mean you

10   will be able to seek damages for such injury at trial.  So it's

11   a choice that you will make.

12        I agree with you that your entire medical records are

13   private and do not necessarily have anything to do with this

14   case.  But if you don't give any evidence to the defendants

15   with respect to your claim for emotional distress, I will limit

16   you or preclude you at the trial of this case from seeking

17   those damages.

18        With respect to education and employment records, you

19   must give them the information.  You must answer the

20   interrogatory and tell them about your employment, your prior

21   employment.  You must answer the interrogatories and detail

22   your prior education.  That is my ruling.  If you do not do

23   that, again, it could severely jeopardize your ability to

24   proceed to trial on your claims.

25        So I am not directing you to give them medical

                                                              10

1    information.  I am telling you if you choose not to, you may

2    not be able to seek all of the damages that you claim you have

3    for emotional distress.  But I am telling you, you must answer

4    the interrogatories with respect to your prior education and

5    all prior and current employment.

6         Do you understand?

7              MS. SHI:  Yes, I understand it, but I need to answer
                         Page 8

CV07-1147-PHX-SRB 03-03-08 Shi vs  Central Arizona College.TXT

8    your question.

9            THE COURT:  I didn't ask a question.  I'm giving you

10   direction as to what you must do --

11           MS. SHI:  Uh-hmm.

12           THE COURT:  -- and things that you can choose to do or

13   not to do, but there may be a consequence if you choose not to

14   do.

15           MS. SHI:  Okay.  Because defendants already have all

16   of my education records due to my application for the program

17   at the defendants' school.  And I started --

18           THE COURT:  That doesn't matter.  I have told you, you

19   must answer the interrogatory under oath and list for them all

20   of your education, all of your prior employment, and your

21   current employment.

22           I don't care if you put that information on your

23   employment application.  This is a lawsuit where you've

24   received these questions, and you must answer them.  And you

25   must answer them under oath or under the penalties of perjury.

0
                                                                11


1            So I'm directing that you do that, and I will not hear

2    any other argument with respect to those records.

3            Ms. Kriegsfeld, are there any other items of discovery

4    that you have not received that you've requested?

5            MS. KRIEGSFELD:  No.  At this time, we were just

6    seeking the answers to the interrogatories related to her

7    educational and employment background, in addition to the

8    medical providers for which she sought treatment for her

9    infliction of emotional distress claims.

10           I just wanted to clarify one thing, Your Honor.  In

11   terms of ordering plaintiff to respond to those interrogatories

                              Page 9

# EXHIBIT 3



LITTLER MENDELSON®

A PROFESSIONAL CORPORATION

May 29, 2008

Christie L. Kriegsfeld
Direct: 602.474.3604
Direct Fax: 602.926.8765
ckriegsfeld@littler.com

Aifang Shi



Re:   ***Shi v. Central Arizona College, et al.***
      **Case No. CV07-1147-PHX-SRB**

Dear Ms. Shi:

This letter concerns Plaintiff's responses to Defendants' Request for Production of Documents and Non-Uniform Interrogatories, and your failure to timely supplement your responses pursuant to Rule 26(e) of the Federal Rules of Civil Procedure. Please consider this letter as Defendants' attempt to resolve the following deficiencies in your discovery responses and is written pursuant to Rule 37(a)(2)(B).

- **Non-Uniform Interrogatory Nos. 7 and 9; Request for Production No. 9**

Interrogatories 7 and 9 ask you to provide information related to your educational and employment history. As you know, during the March 3, 2008 telephonic hearing, Judge Bolton directed you to answer these interrogatories. She stated that "you must answer the interrogatory under oath and list all of your education, all of your prior employment, and your current employment." (Please see pages 10 and 11 of the enclosed transcript). Defendants believe that this instruction from the Judge was very clear; therefore, please supplement your responses to Non-Uniform Interrogatories 7 and 9.

Request for Production 9 is a request for a signed authorization releasing your educational and employment records to Defendants. As noted in your Central Arizona College Nursing Program Application, you attended schools in Fremont, California, as well as Mesa Community College in Arizona. You also were employed in Milpitas, California from 2000 until 2003. This information, as well as any additional educational and employment history, is discoverable by Defendants; therefore, please respond to Request for Production 9 by signing and returning the enclosed authorization.

Aifang Shi
May 29, 2008
Page 2

- **Non-Uniform Interrogatory No. 12**

This interrogatory asks you to provide any information related to public assistance income, funds or benefits for the past 10 years. Again, the information requested in this interrogatory is relevant to the claims and defenses in this case for the reasons set forth in my January 9, 2008, letter to you. Moreover, as the plaintiff, you have a duty to mitigate your damages and Defendants are entitled to obtain records that reflect any public assistance income, funds or benefits that you receive from any source. Accordingly, please supplement your response to Non-Uniform Interrogatory No. 12.

Please consider this letter as our good faith attempt to resolve this discovery dispute. Please supplement Plaintiff's responses to Defendants' discovery requests as discussed above by **June 4, 2008**, or we will be forced to contact the Court again to request a telephonic conference to resolve this matter as required by the Court's Rule 16 Scheduling Order.

Respectfully,

Christie L. Kriegsfeld

Enclosures

Firmwide:85355507.1 047789.1007

RECEIVED
097787. 1007
JUN - 3 2008
CLK, Beth
LITTLER MENDELSON, P.C.
PHOENIX, AZ

Aifang Shi
4230 Laurel St #7
Fremont, CA 94538

Christie L Kriegsfeld
Littler Mendelson, P.C.
2425 E Camelback Road, Suite 900
Phoenix, AZ 85016

Re. Shi v. Central Arizona College, Ruth Carlson, Jon Stevens, Michael Hughes, and
    Mary Menchaca.
CASE No   CV07-1147-PHX-SRB

Ms. Kriegafeld:

The followings are plaintiff's response to defendants' interrogatories:

7. Please state the name and address of each school or other academic or vocational
institution you attended beginning with high school, including the dates attended, the
highest grade level completed, and the degrees received.

On 9/1/1971, attended high school at BaiShui High School at Shaanxi Province, BaiShui
County of P.R.China, and graduated from the high school on July of 1974. Attended Xian
Medical University at Xian Shi Zhu Que Da Jie (Street) 205 Hao, youzhengbianma
710061, Shaanxi Province of P.R China, and graduated in Medical specialty of the
medical university on December of 1979. Studied in computer Science at Northwestern
Polytechnic University at 47671 Westinghouse Drive, Fremont, CA 94539, from 1997 to
1999. Took and finished two courses at Mesa CC in the Spring and Summer of 1994, at
1833 West Southern, Mesa, AZ 85202. Took and finished one course at Chabot in the
Summer of 2004, at 25555 Hesperian Blvd, Hayward, CA 94545. Took and finished
courses for pre-nursing major before May of 2005, at Ohlone college at 43600 Mission
Boulevard Fremont, CA 94539-0390. Attended ROP vocational school for CNA
certificate in the Fall of 2003 at 5019 Stevenson Blvd, Fremont, CA 94538 (new
address). Attended and studied nursing program at Central Arizona College from the Fall
of 2005 to the Fall of 2006, and was dismissed on 11/27/06 from the nursing program
after a new hired associate dean, Ruth Carlson, and her newly hired instructors replaced
original dean and instructors of the nursing department on the fall of 2006, as a result of
their fabrications and intentional discrimination and retaliation.

9. Identify all employment, including self-employment, you have held since graduation
from high school, including dates of employment, position held, supervisor, wages or
salary, benefits received and reason for leaving.

From January of 1980 to 1987, instructor of pathology at Department of Pathology of
Xian Medical university and assistant professor of pathology since 1988. Wei Xiqin was

a director of department of pathology, assigned a free house and received full medical care coverage. The reason for leaving was to accompany my family in the USA. From February of 2000 to the fall of 2003, worked at international Microcircuits, Inc. at 525 Las Choes, Milpitas, CA, 95035 and Cypress Semiconductors at San Jose, CA 95134. Triet Huang was my supervisor. Annual Salary $56,000 with about 1,500 share of stocks, full spouse and children's health insurance coverage and company matched 401K. About fall of 2002, work location changed to San Jose of CA because of Cypress semiconductors acquiring international Microcircuits, Inc. Laid off.

— Coches St.

Respectfully,


DATED 5/27/08                          S/ _Aifang Shi_

                                        Aifang Shi


ORIGINAL copy of the foregoing was served by U.S. first class mail on 5/27/08, to:


J. Greg Coulter and Christie L. Kriegsfeld
Littler Mendelson
2425 East Camelback Road, Suite 900
Phoenix, AZ 85016

# EXHIBIT 4

AO88 (Rev. 12/07) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT
Arizona

Aifang Shi

V.

**SUBPOENA IN A CIVIL CASE**

Central Arizona College, et al.

Case Number:[1] CV2007-1147-PHX-SRB

To:  Cypress Semiconductor Corp.
c/o CT Corp, as agent for service of process
818 W. Seventh St., Los Angeles, CA  90017

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| Littler Mendelson, 2425 E. Camelback, Suite 900, Phoenix, AZ  85016 | 06/25/08 |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
**See Exhibit A, attached**

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

   Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Christie Kriegsfeld*   Attorney for Defendants | 06/13/08 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Christie Kriegsfeld, Littler Mendelson, 2425 E. Camelback, Suite 900, Phoenix, AZ  85016

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

American LegalNet, Inc.
www.FormsWorkflow.com

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| | |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| | |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                         DATE                                            SIGNATURE OF SERVER

                                                                        _____
                                                                        ADDRESS OF SERVER

---

**Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:**

**(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.**
 (1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
 (2) Command to Produce Materials or Permit Inspection.
 (A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
 (B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
 (i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
 (ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
 (3) Quashing or Modifying a Subpoena.
 (A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
 (i) fails to allow a reasonable time to comply;
 (ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
 (iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
 (iv) subjects a person to undue burden.
 (B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
 (i) disclosing a trade secret or other confidential research, development, or commercial information;
 (ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
 (iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial
 (C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

 (i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
 (ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) DUTIES IN RESPONDING TO A SUBPOENA.**
 (1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
 (A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
 (B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
 (C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
 (D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
 (2) Claiming Privilege or Protection.
 (A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
 (i) expressly make the claim; and
 (ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
 (B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) CONTEMPT.**
 The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

American LegalNet, Inc.
www.FormsWorkflow.com

## Exhibit A

All records relating to Aifang Shi (SS#██████████, DOB██████████), including, but not limited to any and all employment applications, hiring documents, acknowledgments, time cards, performance reviews, salary history, leaves of absence, benefit and medical records, disciplinary records, termination records, correspondence and any and all written materials that would be housed in an employee's personnel and supervisor's file.

American LegalNet, Inc.
www.FormsWorkflow.com

Copy of the foregoing mailed
this 16th day of June, 2008 to:


AIFANG SHI
4230 Laurel St., #7
Fremont, CA  94538
Phone (510) 490-3308
Plaintiff

American LegalNet, Inc.
www.FormsWorkflow.com

| *Attorney or Party without Attorney:*<br>LITTLER MENDELSON<br>2049 CENTURY PARK EAST<br>SUITE 500<br>LOS ANGELES, CA 90067<br>*Telephone No:* 310-772-7239 | | | | *For Court Use Only* |
|---|---|---|---|---|
| *Attorney for:* Defendant | *Ref. No. or File No.:*<br>047789-1007 | | | |
| *Insert name of Court, and Judicial District and Branch Court:*<br>UNITED STATES DISTRICT COURT, DISTRICT OF ARIZONA | | | | |
| *Plaintiff:* SHI | | | | |
| *Defendant:* CENTRAL ARIZONA COLLEGE | | | | |
| **PROOF OF SERVICE**<br>**SUBPOENA IN A CIVIL** | *Hearing Date:*<br>Wed, Jun. 25, 2008 | *Time:* | *Dept/Div:* | *Case Number:*<br>CV2007-1147-PHX-SRB |

*1. At the time of service I was at least 18 years of age and not a party to this action.*

2. I served copies of the SUBPOENA IN A CIVIL CASE; DECLARATION OF CUSTODIAN OF RECORDS; COVER LETTER DATED JUNE 13, 2008

3. a. *Party served:*          CYPRESS SEMICONDUCTOR CORP.
   b. *Person served:*        MARGARET WILSON, PROCESS SPECIALIST AUTHORIZED TO ACCEPT

4. *Address where the party was served:*     CT CORPORATION SYSTEM
                                    818 W. 7TH STREET
                                    LOS ANGELES, CA 90017

5. *I served the party:*
   a. **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party (1) on: Mon., Jun. 16, 2008 (2) at: 2:40PM
   b. *I received this subpena for service on:*          Monday, June 16, 2008

6. *Witness fees were not demanded or paid.*

7. *Person Who Served Papers:*
   a. PHILIPPE RICOU
   b. **PROLEGAL**
      1706 S. FIGUEROA ST
      LOS ANGELES, CA 90015
   c. 213-481-8100

                               Recoverable Cost Per CCP 1033.5(a)(4)(B)
   d. *The Fee for Service was:*     $93.47
   e. I am: (3) registered California process server
       *(i)* Employee
       *(ii) Registration No.:*     3015
       *(iii) County:*

*8. I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.*

Date:Tue, Jun. 17, 2008

PROOF OF SERVICE<br>SUBPOENA IN A CIVIL          (PHILIPPE RICOU)          *3239493.litme.27007*

# EXHIBIT 5

AO88 (Rev. 12/07) Subpoena in a Civil Case

### Issued by the
# UNITED STATES DISTRICT COURT
### Northern District of California

Aifang Shi

v.

Central Arizona College, et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] CV2007-1147-PHX-SRB
Pending in the District of AZ

To:  Cypress Semiconductor Corp.
c/o Dan Waldman, Esq.
198 Champion Court, Bldg. 6, San Jose, CA 95134

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
**See Exhibit A, attached**

| PLACE | DATE AND TIME |
|---|---|
| Littler Mendelson, 2425 E. Camelback, Suite 900, Phoenix, AZ  85016 | 06/30/08 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *Christie Kriegsfeld*     Attorney for Defendants | 06/20/08 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Christie Kriegsfeld, Littler Mendelson, 2425 E. Camelback, Suite 900, Phoenix, AZ  85016

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

American LegalNet, Inc.
www.FormsWorkflow.com

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 06/20/08 | Cypress Semiconductor Corp.<br>198 Champion Court, Bldg. 6, San Jose, CA 95134<br>(via e-mail to Dan.Waldman@cypress.com) |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Dan Waldman, Esq. | Served by e-mail, pursuant to authorization by Dan Waldman, attorney for Cypress Semiconductor Corp. |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Elizabeth Conner | Paralegal |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on June 20, 2008

_____
DATE

*CK Conner*

_____
SIGNATURE OF SERVER

ADDRESS OF SERVER
Littler Mendelson
2425 E. Camelback Rd., #900, Phoenix, AZ 85016

---

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.
(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
(2) Command to Produce Materials or Permit Inspection.
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) Quashing or Modifying a Subpoena.
(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.
(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) Claiming Privilege or Protection.
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

Firmwide:85625481.1 047789.1007

American LegalNet, Inc.
www.FormsWorkflow.com

Copy of the foregoing mailed
this ~~20th~~ day of June, 2008 to:
  23rd
AIFANG SHI
4230 Laurel St., #7
Fremont, CA  94538
Phone (510) 490-3308
Plaintiff

*L Conner*

American LegalNet, Inc.
www.FormsWorkflow.com

**Exhibit A**

All records relating to Aifang Shi (SS# ██████████, DOB██████████, including, but not limited to any and all employment applications, hiring documents, acknowledgments, performance reviews, salary history, leaves of absence, disciplinary records, termination records, correspondence and any and all written materials that would be housed in an employee's personnel and supervisor's file.

American LegalNet, Inc.
www.FormsWorkflow.com