Aifang Shi
4230 Laurel St #7
Fremont, CA 94538
Phone: (510) 490-3308

**FILED**

2008 JUL 21 A 8:46

RICHARD W. WIEKING
CLERK
U.S. DISTRICT COURT
NO. DIST. OF CA. S.J.

IN THE UNITED STATES DISTRICT COURT
Northern District Court of California

| | |
|---|---|
| Aifang Shi (Pro se) ) | Case No. CV08-80131-RMW-HRL |
| ) | |
| Plaintiff, ) | pending in the District of Arizona |
| ) | Case No. CV2007-1147-PHX-SRB |
| vs. ) | |
| Central Arizona College, Ruth E. Carlson, ) | |
| Jon M. Stevens, Michael Hughes, and ) | |
| Mary Marrinan- Menchaca ) | |
| ) | |
| Defendants ) | |
| ) | |

PLAINTIFF'S OPPOSITION TO DEFENDANTS' ATTORNEY CHRISTIE L. KRIEGAFELD'S APPOLICATION FOR ADMISSION OF ATTORNEY *PRO HAC VICE*, OR, IN THE ALTERNATIVE, RECONSIDERATION OF ORDER GRANTING APPLICATION

Pursuant to Civil L.R. 11-3 and 11-4, Plaintiff hereby file her Response in Opposition to Defendants' attorney Christie L. Kriegsfeld's ("Kriegsfeld") Application for Admission of attorney *Pro Hac Vice* on July 15, 2008. Plaintiff respectfully requests that this Court deny Ms. Kriegsfeld's Application for Admission of attorney *Pro Hac Vice*, or, reconsideration of Order granting her application, just in case. This response is supported by the followings.

**1. Ms. Kriegsfeld is neither an active member of the bar of California, nor authorized to practice in the Northern District of California.** On June 20, 2008, Ms. Kriegsfeld signed and sent a subpoena of the Northern District of California to Plaintiff's former employer Cypress Semiconductor Corp ("Cypress"), directing Cypress to produce Plaintiff's full employment record on or before June 25. Her practicing law without permission in Northern District of California at the time of doing so violates California Business And Professions Code BPC Section 6126 and Local Rule.

**2. Ms. Kriegsfeld perjured under oath.** She fails to inform this Court that she has signed and sent the subpoena to third party Cypress without practicing permission. She knowingly conceals her crime when applying for admission to practice in this Court and

her dishonest act is not allowed under the Civil L.R. 11-4 (4). She attempts to cover up her illegal practice of law by obtaining admission to practice through cheating in application. Therefore, Ms. Kriegsfeld's application should be denied.

**3. Ms. Kriegsfeld at the time of doing so fails to comply with Civil L.R. 11-4,** which requires any attorney permitted to practice in this Court to be familiar and comply with the standards of professional conduct required of members of the State Bar of California.

**4. Ms. Kriegsfeld already knew plaintiff's Motion to quash her subpoena regarding her illegal practice without permission on June 25, 2008.** She knowingly fails to disclose her crime in connection with an application for admission to the State Bar, which violates Rule 1-200 of the bar of California. She aids her client Defendants in the unauthorized practice of law. She practices law in a jurisdiction where to do so is in violation of regulations of the profession in that jurisdiction under Rule 1-300.

**5. Ms. Kriegsfeld is not in good standing of both the bar of Arizona and the bar of California.**

(1). She fails to comply with 28 U.S.C. § 1654 and keeps disparaging Plaintiff because of her pro se status, stays off tract, and keeps seeking irrelevant information to harass and intimidate Plaintiff. Because Plaintiff did not provide an executed authorization permitting the full disclosure Plaintiff's education, medical, and employee records, including Plaintiff's whole family confidential information and IRS record, she sent a subpoena to achieve the same result as an executed authorization to invade Plaintiff's privacy. However, she guides her clients defendants to refuses to answer any said interrogatories about their education, medical, and employee history.

(2). She contacted Mr. Dan Waldman, a employee of legal department of Cypress, several times without notifying Plaintiff. Unfortunately, Mr. Waldman misled Plaintiff by distorting the Fed. R. Civ. P. 45, saying in his email of 6/23/08 to Plaintiff "Under the Federal Rules, Cypress is only relieved of its obligations under the subpoena if a motion to quash or for a protective order *is granted* before the date of production. **Merely filing the motion is not enough.**" She and Waldman tried to deprive Plaintiff's right to steal Plaintiff's confidential information which is irrelevant to the case pending in the Arizona.

(3). She FAXED the subpoena to Cypress Mr. Waldman On June 20, 2008 and directed him to produce plaintiff's full employment records on or before June 30, 2008. However, a copy of this subpoena was sent to Plaintiff on 6/24/08 and received on 6/27/08 by Plaintiff. It was sent five days later after it was sent to Cypress by Email. She violates Rule 45 because the subpoena is not "a copy of Certain Subpoena," but a photocopy of email attachment. She always sent the copies of the subpoena to Plaintiff five days later than sending them to third parties and fails to provide reasonable time for plaintiff to seek protective action.

(4). She always misleads the Court of Arizona by making falsely answer to achieve her purpose. For example, when the Court of Arizona asked her if Plaintiff asked for the same document on 3/3/08, she answered no, Plaintiff asked for Defendants' social security numbers.

(5). She keeps staying off tract, has not touched any allegations contained in Plaintiff's complaint on the case pending in the Arizona, and repeatedly try to obtain Plaintiff's all records from the third parties. She refuses to answer any said interrogatories to her clients defendants about their education, medical, and employee history, though Plaintiff answered the interrogatories and detailed all of her education and employment. She insists that her clients defendants' employment and education records are private, but keeps obtaining Plaintiff's education and employment records from third parties. Her practice of the law with bias and prejudice is not allowed under Civil L.R. 11-4 Prohibition Against Bias and ethic. Further, she served this application for admission to this Court by Federal express on July 15, 2008, but mailed it to Plaintiff by regular mail. Plaintiff received it on July 19, 2008. It is also five days later for Plaintiff to receive after it was received by this Court.

For all of the foregoing reasons, plaintiff respectfully requests that the Court deny Ms. Kriegsfeld's Application for Admission of attorney *Pro Hac Vice*, or, reconsideration of Order granting her application, just in case. Plaintiff already filed her complaint against Ms. Kriegsfeld to both the bar of Arizona and the bar of California regarding her criminal conducts.

Respectfully submitted,

*[signature: Aifang Shi]*

Dated: 7/21/08                                                  Aifang Shi

### CERTIFICATION OF SERVICE

I certify that a correct copies of the foregoing is serviced by U.S. mail to the following:

Christie L. Kriegsfeld

LITTLER MENDELSON

2425 East Camelback Road, Suite 900

Phoenix, AZ  85016

4