Aifang Shi
4230 Laurel St #7
Fremont, CA 94538
Phone: (510) 490-3308

FILED

AUG 0 4 2008

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

IN THE UNITED STATES DISTRICT COURT
Northern District Court of California

| | |
|---|---|
| Aifang Shi, *Pro se* ) | |
| ) | |
| Plaintiff, ) | CASE No. CV08-80131 MISC.RMW-HRL |
| ) | |
| vs. ) | |
| ) | Pending in the District of Arizona |
| Central Arizona College, Ruth E. Carlson, ) | Case No. CV 07-1147-PHX-SRB |
| Jon M. Stevens, Michael Hughes, and ) | |
| Mary Marrinan- Menchaca ) | |
| ) | |
| Defendants ) | |
| ) | |

## PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANTS' OPPOSITION TO PALINTIFF'S MOTION TO QUASH SUBPOENAS

Plaintiff hereby files her opposition to Defendants' response in opposition to Plaintiff's motion to quash subpoenas signed by Defendants' attorney Christie Kriegsfeld to Cypress Semiconductor Corp. Plaintiff respectfully request this Court deny Defendants' opposition filed by Mr. Greg Coulter. This Response is supported by the following Memorandum of Points and Authorities.

### MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION AND FACTUAL BACKGROUND

Plaintiff was a nursing student in Central Arizona College ("CAC") and wrongfully dismissed in December of 2006. Plaintiff has sued CAC for wrongfully dismissal and the case is pending in the District Court of Arizona. During the discovery phase, Defendants did never touch any matters about their alleged incidents for the dismissal and repeatedly requested for Plaintiff's employment records, whereas Defendants state that their same records are irrelevant to the case and highly personal and private information.

In December of 2007, Plaintiff served her First Set of Non-Uniform Interrogatories and Requests for Production in which Plaintiff requested that each individual defendant identify all

1

employment since graduation from high school, including position held, supervisor, and reason for leaving. Every individual defendant refuses to answer the interrogatories regarding their employment history and claims that their employment history is irrelevant to the claim and highly personal and private information. Plaintiff still does not have any information about any of the Defendants. See Exhibit O

In November of 2007, Defendants through their attorney served their Non-Uniform Interrogatories and requested Plaintiff to execute three authorizations for full release of her medical records, education records, and employment information, including TAX RECORDS from federal and state income tax agencies for the years. The information requested by Defendants is even more irrelevant and highly personal and private than the information requested by Plaintiff. Yet Defendants repeatedly request for this information while stating that their own information is "irrelevant to the claim and highly personal and private information."

Due to Defendants' request, the parties attended a discovery dispute Telephonic conference on March 3, 2008 in the Arizona District Court where this lawsuit is pending. the Arizona District Court stated that "with respect to interrogatories regarding Plaintiff prior and current employment and education, IT IS ORDERED directing the Plaintiff to answer said interrogatories."

On March 12, 2008, Plaintiff answered the said interrogatories according to the Arizona Court Ruling of 3/3/2008 and on the same day requested for production of document to complete the rest of the interrogatories. *See* Exhibit 1. Actually, this request for production was included in Plaintiff's First Set of requests for production which was served in December of 2007. Defendants repeatedly provided all of Plaintiff's testing papers and their corresponding scantrons, etc. but did not provide the documents she requested that she needed to complete the interrogatories until May 16, 2008. Therefore, Defendants' statement that Plaintiff had not complied with the Court's Order by the end of May is false. Further, Plaintiff sent the answers of the rest of the interrogatories on May 27, 2008, which was before Defendants' attorney sent the letter of May 29, 2008.

Because the District Court of Arizona did not order Plaintiff to execute three authorizations requested by Defendants, Defendants through their attorney served the subpoenas to achieve the same result as an executed authorization to invade Plaintiff's privacy.

On June 13, 2008, a subpoena of the District Court of Arizona was signed and sent to third party Cypress, Plaintiff's former employer, by Ms. Kriegsfeld. A copy of this subpoena was sent

2

to Plaintiff on 6/17/08 and received on 6/19/08. It was sent five days later after it was sent to Cypress. It directed Cypress to produce Plaintiff's full record before 6/25/08.

On June 20, 2008, a subpoena of the Northern District of California was signed and sent to the same third party Cypress by Ms. Kriegsfeld through EMAIL for the same document as the above subpoena. It directed Cypress to produce Plaintiff's full record before 6/30/08. A copy of this subpoena was sent to Plaintiff on 6/24/08 and received on 6/27/08. It was sent five days later after it was sent to Cypress by Email. *See* Exhibit 2.

Defendants stated that "information from Cypress relates to plaintiff's job skills, relationship skills, and credibility." According to Rule 404, evidence of a person's character or a trait of character is not admissible to prove conduct.

Defendants stated that "plaintiff provided a calculation of damages for 'destruction of her career, loss of medical insurance, and 401k, in addition to Plaintiff failed to mitigate her damages,' Defendants are entitled to obtain records from third party." Plaintiff's calculation of damages involves front pay and punitive damages under Title VI due to intentional discrimination. Plaintiff did not have employment relationship with Defendants, the calculation of damages does not involve any back pay. Because of this wrongful dismissal, Plaintiff's hard earned nursing career was dashed into the ground. Otherwise, she would have been a registered nurse and would have had certain job with medical insurance and 401k. The compensatory damage, including front pay and punitive damages, is allowed under the law. Any records held by Cypress do not relate damages asserted by Plaintiff.

Defendants' statement that Plaintiff failed to mitigate her damages is false, because Defendants dismissed Plaintiff immediately without any due process. After plaintiff provided letters from her supervising nurses that proved her innocence on 11/28/06, Defendant Carlson and Menchaca called campus police immediately to prohibit Plaintiff from not only approaching the nursing department building, but also from communicating with anyone affiliated with the nursing department. The President of CAC Mr. Terry Calloway not only ignored Plaintiff's grievances, but also sent Plaintiff's email to Defendant Carlson. The legal document provided by Phoenix Children Hospital exposes that fact that the alleged incident never occurred and it is just a fabrication and wrongfully dismissal. Defendants have no credibility in whatever they said. Defendants are not entitled to obtain Plaintiff's records from the third party.

During the telephonic conference with the District Court of Arizona on March 3, 2008, that Court said: "with respect to Social Security Number, certainly, that is not to be disclosed. There are specific rules of this court that require social security numbers to not be disclosed in any public records." However, Defendants' attorney Kriegsfeld not only typed both plaintiff's entire SSN and Date of birth on her subpoenas, but also FAXED them to three colleges in June of 2008 without prior notice to the receivers, which has made Plaintiff's personal data public.

Cypress is Plaintiff's former employer and Plaintiff was laid off in 2003. Even though Plaintiff answered said interrogatories according to the Arizona Court Ruling of 3/3/2008, Defendants' attorney Kriegsfeld contacted Mr. Daniel Waldman ("Waldman"), an employee of the legal department of Cypress, several times without notifying Plaintiff and took advantage of Mr. Waldman's misunderstanding of the law to obtain Plaintiff's records. Mr. Waldman's understanding of the law is incorrect. For example, in his email of 6/23/08 to Plaintiff, Mr. Waldman stated that "the newer version of the subpoena was issued by the Northern District Court of California, not the District Court of Arizona. Cypress is obliged to produce the documents identified in the subpoena unless you [Plaintiff] obtain a court order before then." *See* Exhibit 3.

However, a legal document of patient's Medication Administration Records (MAR) from Phoenix Children Hospital has been obtained recently as a key part of discovery in the pending case in the District of Arizona. The MAR exposes that fact that the alleged incident for the dismissal never occurred and it is just a fabrication. *See Exhibit 4.*

## II. LEGAL ARGUMENT

**1. Mr. Coulter has no standing to file defendants' Response in Opposition to Plaintiff's motion to quash the Subpoena signed by Ms. Kriegsfeld and It is not necessary for Defendants' to serve two subpoenas to the same party for the same documents.**

The subpoena of the Northern District Court of California to third party Cypress was signed by Ms. Kriegsfeld, but not Mr. Coulter. Pursuant to Rule 45, I filed my motion of 6/25/08 to quash the subpoena to the Northern District Court of California. On July 22, 2008, Mr. Coulter filed defendants' Response in Opposition to Plaintiff's motion to quash Subpoena signed by Ms. Kriegsfeld. Mr. Coulter has no standing to file defendants' Response in Opposition to Plaintiff's motion to quash the Subpoena signed by Ms. Kriegsfeld.

4

On June 13, 2008, Defendants' attorney Kriegsfeld served another subpoena from the District Court of Arizona to the same third party Cypress for the same records as the request by the subpoena of Northern District Court of California. Both subpoenas were all signed by Kriegsfeld. On July 11, 2008, Kriegsfeld filed defendants' opposition to Plaintiff's motion to quash their subpoena to the District Court of Arizona and she did not make a response to the Northern District of California. Because this lawsuit is pending in the District of Arizona, the subpoena of the Northern District Court of California should be void.

### 2. Plaintiff Has Standing to Move to Quash the Subpoena

Plaintiff can move to quash the subpoena because the subpoena requested Cypress to provide all of Plaintiff's records and information. *See Rural Metro v. Doe, DOES' MOTION TO QUASH THIRD-PARTY SUBPOENA TO YAHOO! INC.* Pursuant to California Code of Civil Procedure §1985.6(f)(1)," any employee whose employment records are sought by a subpoena may, prior to the date for production, bring a motion under Section 1987.1 to quash or modify the subpoena."

### 3. Information sought by Subpoena is irrelevant to the case

Rule 45 adopts the standard codified 28 C.F.R. §68.18(b) and Fed. R. Civ. P. 26 (b)(1), which allows discovery for "any non-privileged matter that is relevant to the subject matter involved in the pending action…" when the discovery request " appears reasonably calculated to lead to the discovery of admissible evidence.

The alleged incidents for the dismissal, as stated in Plaintiff's dismissal letter, are (1) Self-admitting to flushing a 9-day infant's IV without faculty supervision on 11/16/06; (2) an unsatisfactory clinical journal of November 16, 2006; and (3) unsatisfactory clinical performance of November 20, 2006. The allegations contained in Plaintiff's Complaint center around the alleged incidents used for the dismissal and have nothing to do with any third party.

Because Plaintiff did not have any employment relationship with Defendants and the case is not under Title VII, Plaintiff did not calculate any back pay under Title 5, 5596. Several cases cited by Mr. Coulter in this opposition are not suitable for the case pending in the Court of Arizona. None of cases cited by Mr. Coulter relates to education law and Title VI regarding the dismissal of a student.

Plaintiff's calculation of damages for 'destruction of her career, loss of medical insurance, and 401k involves front pay and punitive damages under Title VI due to intentional discrimination. If

Defendants had not wrongfully dismissed Plaintiff, she would have been a registered nurse and would have had certain job with medical insurance and 401k. Because Plaintiff's career is destroyed by Defendants, Plaintiff not only lose her qualification to work in the Nursing field, but also lose the benefits. None of Plaintiff's information or records held by third party Cypress has anything to do with this case and can be used to calculate the damages. The compensatory damage, including front pay and punitive damages, is allowed under the law.

### 4. Character Evidence is Not Admissible to Prove Conduct

Defendants repeatedly state that the purpose of obtaining Plaintiff's records from third-parties is to evaluate Plaintiff's credibility, character, and job skills, and relationship skills. Pursuant to Rule 404, "evidence of a person's character or a trait of character is not admissible for the purpose of proving action in conformity therewith on a particular occasion," except for criminal case.

Defendants' argument that "information from Cypress relates to Plaintiff's job skills and relationship skills" is a pretext. Cypress, a Semiconductor company, is Plaintiff's former employer. Plaintiff was laid off in March of 2003. Plaintiff's role in Cypress is different from both Plaintiff's over thirteen years' work experience as a pathologist in China and Plaintiff's study in the nursing program of CAC. However, an individual's abilities are different in different fields and cannot be compared to or assumed equal to each other. On the other hand, Plaintiff's experience as a pathologist is related to her study in the nursing program and is already verified by U.S. Credentials Evaluation Service IERF. Inc. and is in the possession of Defendants. There is thus no merit for Defendants to determine Plaintiff's ability in the nursing field by checking her ability in a completely different field.

### 5. Request all records relating to Plaintiff must involve Confidential Information

Pursuant to Fed. R. Civ. P. 45 (c)(3)(A)(iii), this court should deny Defendants' opposition and quash the subpoenas if it "requires disclosure of privileged or other protected matter, if no exception or waiver applies." The subpoena was not issued in good faith because it requires *"all records relating to Aifang Shi (SS# XXX-XX-XXXX, DOB XX/XX/XX), including, but not limited to any and all....., any and all written materials that would be housed in an employee's personal and supervisor's file"* ,which includes all information about Plaintiff, her family, and her tax records. The subpoena aggressively invades Plaintiff's privacy to achieve the same result as an executed authorization which clearly indicated *"including TAX RECORDS from federal and state*

*income tax agencies for the years.*" So, Defendants' argument that "Subpoena to Cypress does not request any information related to Plaintiff's tax records and her family" is false. To protect a person subject to or affected by the subpoena, this court should quash the subpoena and deny defendants' opposition.

### 6. The Bais is not allowed under the law

Defendants failed to comply with 28 U.S.C. § 1654 and keeps disparaging Plaintiff because of her pro se status, stays off tract, and keeps seeking irrelevant information to harass and intimidate Plaintiff.

Plaintiff answerded the said interrogatories according to the Arizona Court Ruling of 3/3/2008. Defendants through their attorney served the subpoenas to achieve the same result as an executed authorization. Defendants request all of plaintiff's records while stating that their own employment history is "irrelevant to the claim and highly personal and private information." Every individual defendant refuses to answer the interrogatories regarding their employment history at all time. Thus, there is no way for Plaintiff to acquire any information from third-parties, and Plaintiff still does not have any information about any of the Defendants.

Defendants' attorney contacted Mr. Dan Waldman, an employee of legal department of Cypress, several times without plaintiff's knowledge. Unfortunately, Mr. Waldman misled Plaintiff by distorting the Fed. R. Civ. P. 45, saying in his email of 6/23/08 to Plaintiff "Under the Federal Rules, Cypress is only relieved of its obligations under the subpoena if a motion to quash or for a protective order *is granted* before the date of production. **Merely filing the motion is not enough.**" Defendant's attorney tried to deprive Plaintiff's right to steal Plaintiff's information which is irrelevant to the case pending in the Arizona, but never tried to touch any information about any of the Defendants. Therefore, The subpoena should be quashed and their opposition should be denied.

### 7. The subpoena does not show good cause and should be void

California Code of Civil Procedure §1985 (b) states "copy of an affidavit shall be served with a subpoena ..., **showing good cause** for the production of the matters and things described in the subpoena, **specifying the exact matters or things desired to be produced, setting forth in full detail the materiality thereof to the issues involved in the case**, and stating that the witness has the desired matters or things in his or her possession or under his or her control." Defendants did not provide any reason for Plaintiff's employment records or specify the exact records desired to

be produced. They failed to provide reasons why, after they had issued the subpoena from Arizona District Court to Cypress for Plaintiff's employment records, they reissued the same subpoena from the Northern District Court of California to Cypress for the same things. So, this subpoena should be void.

### 8. The subpoena is procedurally defective and thus void

The subpoena is procedurally defective and Plaintiff's motion to quash the subpoena should be granted for the following reasons:

**1)** Defendants **Emailed** this subpoena to Cypress on 6/20/08 and **mailed** a copy of it to Plaintiff on 6/24/08. Delivering the subpoena through email is not allowed under Fed. R. Civ. P. 45(b)(1) and California Code of Civil Procedure §1013 (e). Fed. R. Civ. P. 45(b)(1) requires "Serving a Copy of Certain Subpoenas", which an email can not provide. For facsimile transmission of subpoena, California Code of Civil Procedure §1013 (e) states "Service by facsimile transmission shall be permitted only where the parties agree and a written confirmation of that agreement is made..." No rule states that a subpoena could be delivered through an email.

**2)** Failure to comply with California Code Of Civil Procedure ("CCP") §1985.6 (b)(3).

Defendants violate CCP §1985.6 (b)(3), which requires "the subpoenaing party to serve on the employee a copy of subpoena at least five days prior to service upon the custodian of the employment records, plus the additional time provided by Section 1013 if service is by mail." A copy of this subpoena was served five days later after it was served to third party Cypress by email. Defendants **emailed** this subpoena to Cypress on 6/20/08 and **mailed** a copy of it to Plaintiff on 6/24/08. It directed Cypress to produce Plaintiff's full record before 6/30/08. Plaintiff received that copy on 6/27/08, which is eight days later than the third party Cypress did and did not give Plaintiff time to assert her right.

**3)** Failure to comply with CCP §1985.6 (b)(2).

Defendants violate CCP §1985.6 (b)(2), which requires "the subpoenaing party to serve on the employee a copy of subpoena not less than 10 days prior to the date of production specified in the subpoena, plus the additional time if service is by regular mail. Plaintiff received a copy of this subpoena on 6/27/08 (sent on 6/24/08). The subpoena directs Cypress to produce Plaintiff's full record before 6/30/08. The dates between 6/27/08 and 6/30/08 are Saturday (6/28/08) and Sunday (6/29/08), Defendants made their service to Plaintiff just one day prior to the date of production specified in the subpoena. Plaintiff's rights were deprived and the subpoena should be void.

8

4). Defendants failed to serve a notice to Plaintiff. CCP §1985.6 (b) requires that "Prior to the date called for in the subpoena duces tecum of the production of employment records, the subpoenaing party shall serve on the employee the notice described in subdivision (e)..." §1985.6 (e) requires that "a copy of the subpoena served on employee shall be accompanied by a notice, in typeface designed to call attention to the notice..." Fed. R. Civ. P. 45 also states "If the subpoena commands the production of documents, ... a notice must be served on each party."
Defendants did not serve a notice to Plaintiff and failed to comply with both CCP§1985.6 and Federal Rule 45. Thus, this subpoena should be void.

### III. CONCLUSION

For all of the foregoing reasons, plaintiff respectfully requests that the Court order the subpoena be quashed and opposition to Plaintiff's motion to quash subpoena be denied. Plaintiff requests sanctions for fees and costs incurred due to Defendants' attorney frivolously issuing the subpoena on the third-party. Defendants under their attorney direction should stay on track and progress in an efficient and economical manner

Respectfully submitted,

_Aifang Shi_

Dated: 8/1/08                               Aifang Shi


### CERTIFICATION OF SERVICE

I certify that a true and correct copies of the foregoing is serviced by U.S. mail to the following:

Christie L. Kriegsfeld

LITTLER MENDELSON

2425 East Camelback Road, Suite 900

Phoenix, AZ 85016

DATED this _1_____ day of ____August_____, 2008.

/s/ _____*Aufang Shi*_____

EXHIBIT D

skills with anyone, including your ex-husbands, ex-children, ex-parents, and all previous co-workers" and "identify all your credit and state whether you have a bad credit record."

8. State the name and address of each school or other academic or vocational institution you attended beginning with high school, including the dates attended, the highest grade level completed, and the degrees received.

**RESPONSE TO INTERROGATORY NO. 8:**

Defendant objects to this Interrogatory because it is overly broad, unduly burdensome, and seeks the production of information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

9. Identify all employment, including self-employment, you have held since graduation from high school, including dates of employment, position held, supervisor, wages or salary, benefits received and reason for leaving.

**RESPONSE TO INTERROGATORY NO. 9:**

Defendant objects to this Interrogatory because it is overly broad, unduly burdensome, and seeks the production of information neither relevant nor reasonably calculated to lead to the discovery of admissible evidence.

DATED this 9th day of April, 2008.

*[Handwritten: Request for production No. 10 — An executed authorization permitting the full disclosure of educational employment pertaining to each defendant.]*

Christie Kriegsfeld
J. Greg Coulter
Christie L. Kriegsfeld
LITTLER MENDELSON, P.C.
Attorneys for Defendants

*[Handwritten: page 6]*

**RESPONSE TO REQUEST NO.10:**

Defendants object to this Request because it is overly broad, unduly burdensome, and seeks the production of documents neither relevant nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this Request because it is vague and ambiguous. Defendants further object to the Request because it seeks the production of private and confidential information that is entirely irrelevant to the claims and defenses in this litigation. Subject to and without waiving these objections no documents will be produced.

*[Handwritten: page 7]*

EXHIBIT 1

Re: Shi v CAC, Ruth Carlson, Jon Stevens, Michael Hughes, and Mary Marrinan-Menchaca
   Case No: CV07-1147-PHX-SRB

Ms. Kriegsfeld:

Re: Shi . Ruth Carlson, Jon Stevens, Michael Hughes, and Mary Marrinan- Menchaca
   Case No: CV07-1147-PHX-SRB

   This letter concerns defendants' response to plaintiff's requests for production of document No 11 and is written Pursuant to Rule 37(a)(2)(B) of Fed. R. P in an effort to resolve the deficiencies contained therein.
   Plaintiff's first set of requests for production of documents No 11 requested defendants to provide her student record, but they did not provide her complete student record. Please provide the rest of her student record, including her application form, all transcripts, and any other documents which were submitted to Admission Office when applying for defendants' school.

   Plaintiff requests the above document to answer your interrogatories which you raised in Telephonic hearing of 3/3/08, because these document contain the detail information about employment and each of schools attended by plaintiff.

   Plaintiff will answer your interrogatories right away after receiving her student record from you.

   Respectfully,

DATED 3/12/08

S/ _Aifang Shi_

Aifang Shi

ORIGINAL copy of the foregoing was served by U.S. first class mail on 3/12/08, to:

J. Greg Coulter and Christie L. Kriegsfeld
Littler Mendelson
2425 East Camelback Road, Suite 900
Phoenix, AZ 85016

EXHIBIT 2

Issued by the

# UNITED STATES DISTRICT COURT

Northern District of California

Aifang Shi

V.

Central Arizona College, et al.

**SUBPOENA IN A CIVIL CASE**

Case Number:[1] CV2007-1147-PHX-SRB

Pending in the District of AZ

To: Cypress Semiconductor Corp.
c/o Dan Waldman, Esq.
198 Champion Court, Bldg. 6, San Jose, CA 95134

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

**See Exhibit A, attached**

| PLACE | DATE AND TIME |
|---|---|
| Littler Mendelson, 2425 E. Camelback, Suite 900, Phoenix, AZ 85016 | 06/30/08 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| *[signature]* Attorney for Defendants | 06/20/08 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Christie Kriegsfeld, Littler Mendelson, 2425 E. Camelback, Suite 900, Phoenix, AZ 85016

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

[1] If action is pending in district other than district of issuance, state district under case number.

American LegalNet, Inc.
www.FormsWorkflow.com

Firmwide:85625481.1 047789.1007

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 06/20/08 | Cypress Semiconductor Corp.<br>198 Champion Court, Bldg. 6, San Jose, CA  95134<br>(via e-mail to Dan.Waldman@cypress.com) |
| SERVED ON (PRINT NAME)<br>Dan Waldman, Esq. | | MANNER OF SERVICE<br>Served by e-mail, pursuant to authorization by Dan Waldman, attorney for Cypress Semiconductor Corp. |
| SERVED BY (PRINT NAME)<br>Elizabeth Conner | | TITLE<br>Paralegal |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on  June 20, 2008
DATE

*/s/ EK Conner*
SIGNATURE OF SERVER

ADDRESS OF SERVER
Littler Mendelson
2425 E. Camelback Rd., #900, Phoenix, AZ  85016

---

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

**(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.**

(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.

(2) Command to Produce Materials or Permit Inspection.

(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.

(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:

(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.

(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

(3) Quashing or Modifying a Subpoena.

(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:

(i) fails to allow a reasonable time to comply;

(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;

(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or

(iv) subjects a person to undue burden.

(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:

(i) disclosing a trade secret or other confidential research, development, or commercial information;

(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or

(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial

(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and

(ii) ensures that the subpoenaed person will be reasonably compensated.

**(d) DUTIES IN RESPONDING TO A SUBPOENA.**

(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:

(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.

(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.

(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.

(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

(2) Claiming Privilege or Protection.

(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:

(i) expressly make the claim; and

(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.

(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(e) CONTEMPT.**

The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

American LegalNet, Inc.
www.FormsWorkflow.com

Firmwide:85625481.1 047789.1007

## Exhibit A

All records relating to Aifang Shi (SS# 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, DOB 12/21/55), including, but not limited to any and all employment applications, hiring documents, acknowledgments, performance reviews, salary history, leaves of absence, disciplinary records, termination records, correspondence and any and all written materials that would be housed in an employee's personnel and supervisor's file.

Copy of the foregoing mailed this ~~20th~~ 23rd day of June, 2008 to:   *postmark date: June 24, 2008.*

AIFANG SHI
4230 Laurel St., #7
Fremont, CA 94538
Phone (510) 490-3308
Plaintiff

*AK Connel*

Case 5:08-mc-80131-RMW    Document 10    Filed 08/04/2008    Page 16 of 17

Shi: Motion to Quash - Yahoo! Mail    Page 1 of 1



EXHIBIT 3

# YAHOO! MAIL
Classic

**Shi: Motion to Quash**                                    Monday, June 23, 2008 10:57 AM

From: "Daniel Waldman" <Dan.Waldman@cypress.com>
To: carol88shi@yahoo.com
Cc: "Conner, Elizabeth K." <EConner@littler.com>
Document (2).tif (193KB), SKMBT_60008062310010.pdf (255KB)

Ms. Shi:

I just reviewed the documents attached to this e-mail (in PDF) that you left with the security guard in one of the Cypress buildings.

In your note to me, you demand that Cypress not produce any of the subpoenaed documents because you intend to file a motion to quash. As I explained to you when we talked today, although Cypress takes seriously its responsibility to protect its employees' information, Cypress will have no choice but to produce the subpoenaed documents to defendants on June 30, 2008, as required by the revised subpoena (attached in TIF format), unless your motion to quash or for protective order is heard and granted before then.

Under the Federal Rules, Cypress is only relieved of its obligations under the subpoena if a motion to quash or for a protective order is *granted* before the date of production. Merely filing the motion (which I don't even know if you've done) is not enough. If you or your California lawyer intend to appear *ex parte* in the Northern District to have your motion heard, please ensure that Cypress is informed of the date and time.

Daniel E. Waldman
Employment Law and Litigation Counsel
Cypress Semiconductor Corporation
408.544.1035 direct
408.456.1821 fax

NOTICE TO RECIPIENT: THIS E-MAIL IS MEANT FOR ONLY THE INTENDED RECIPIENT OF THE TRANSMISSION, AND MAY BE A COMMUNICATION PRIVILEGED BY LAW. IF YOU RECEIVED THIS E-MAIL IN ERROR, ANY REVIEW, USE, DISSEMINATION, DISTRIBUTION, OR COPYING OF THIS E-MAIL IS STRICTLY PROHIBITED. PLEASE NOTIFY ME IMMEDIATELY OF THE ERROR BY RETURN E-MAIL AND PLEASE DELETE THIS MESSAGE FROM YOUR SYSTEM. THANK YOU IN ADVANCE FOR YOUR COOPERATION.

# Phoenix Children's Hospital
## Medication Administration Record

**Allergies:**
NO KNOWN ALLERGIES!

**Diagnosis:**
___ WITH FEVER!

Admit #: _____
Medical Record: 
Physician: MacLeod Robert L.
Admit:                    Rm/Bed. __
Ht: 0 Cm.    Wt: 3.44 Kg.   Age     ;  Sex:
BSA: 0  M2

**For Period:** 11/16/2006 07:00 - 11/17/2006 06:59    **Print Date And Time:** 11/16/2006 at 03:13

| Ord | Start/Stop | Medication | Directions | RN | 07:00 to 18:59 | 19:00 to 06:59 |
|---|---|---|---|---|---|---|
| | | **Scheduled Medications** | | | | |
| 4 | Start: 11/15 21:00 Stop: OPEN | AMPICILLIN 500MG VIAL (AMPICILLIN SODIUM) Notes: Reconstitute with 5 mL Sterile Water or NS for Final Concentration of 100 mg/ml. MAY further dilute with NS to 30 mg/ml prior to administration. 44 mg/kg/dose  Order DC'd by____ Time____ | Dose: 150 MG = 1.5 ML Freq: Q6HV Route: INTRAVEN. | | 09:00 SJ 15:00 AS AS CAC student nurse | 21:00 03:00 |
| 1 | Start: 11/15 17:00 Stop: OPEN | AMPICILLIN 500MG VIAL (AMPICILLIN SODIUM) Notes: Reconstitute with 5 mL Sterile Water or NS for Final Concentration of 100 mg/ml. MAY further dilute with NS to 30 mg/ml prior to administration. 50 mg/kg/dose  Order DC'd by____ Time____ | Dose: 170 MG = 1.7 ML Freq: Q6HV Route: INTRAVEN. | | 11:00 17:00 | 23:00 05:00 |
| 3 | Start: 11/15 22:00 Stop: OPEN | CEFO-TAXIME 30 MG/ML PED STD (CEFOTAXIME SODIUM) Notes: BASE FLUID: DEXTROSE 5% IN WATER ***Equivalent to: CLAFORAN*** 44 mg/kg/dose  Order DC'd by____ Time____ | Dose: 150 MG = 5 ML Total Vol: 5. ML Rate: 10 ml/hr Route: INTRAVEN. Freq: Q6HV | | 10:00 SJ 16:00 AS | 22:00 04:00 |

| Initials | Name & Title | Initials | Name & Title | Initials | Name & Title |
|---|---|---|---|---|---|
| SJ | Shila Jose RN | | | AS JS | Alfangshi CAC Jonathy Student nurse |

24 Hr MAR Checked By _____

Page 1 of 3