*E-filed 8/27/08*

NOT FOR CITATION

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| AIFANG SHI, | Case No. 08-80131-RMW (HRL) |
| Plaintiff, | |
| v. | **ORDER ON PLAINTIFF'S MOTION TO QUASH THE SUBPOENA DUCES TECUM** |
| CENTRAL ARIZONA COLLEGE, et. al, | **Docket Nos. 1, 10** |
| Defendants. | |

### I. BACKGROUND

Aifang Shi, a *pro se* plaintiff, brought suit in the District of Arizona against Central Arizona College and four other individuals for her allegedly improper dismissal from the College's nursing program. She claims damages for lost wages and emotional distress.

Plaintiff identified Cypress Semiconductor Corp., ("Cypress"), based in San Jose, California, as a previous employer. Defendant's counsel subpoenaed Cypress for plaintiff's employment records, and plaintiff now moves to quash.

### II. LEGAL STANDARD

Under Federal Rule of Civil Procedure ("FRCP") 45, any party may serve a subpoena commanding a non-party to give testimony or produce documents. *See* FED.R.CIV.P. 45(a)(1)(C). An issuing court is required to quash or modify a subpoena that fails to allow a reasonable time to comply, or requires disclosure of privileged or other protected matter. *See* FED.R.CIV.P. 45(c)(3)(A).

## III. DISCUSSION

Plaintiff gives multiple reasons for the court to quash the subpoena.[1] But, only two of them—if established—would require the court to grant plaintiff's motion: (1) that the subpoena fails to allow time for compliance or imposes an undue burden, and (2) that the information is confidential or privileged.

Plaintiff claims that the subpoena does not provide reasonable time for her to seek protective action, and imposes an undue burden on her. However, plaintiff did in fact seek protective action by filing the instant motion, and Cypress has not yet complied. This argument is, therefore, moot. Further, Rule 45(c)(3) requires a court to quash a subpoena that does not provide reasonable time for the *producing party* (Cypress, in this case) to comply. However, as Defendant points out, Cypress is the proper party to move to quash on these grounds, which it has not done. Plaintiff lacks standing to assert this argument on Cypress' behalf.

Plaintiff next argues that the subpoena requests privileged information. Specifically, she asserts that the information is protected from disclosure under the Privacy Act of 1974. Defendant points out that the Privacy Act protects individuals from government agencies disclosing personal information. Cypress is not a government agency; it is a private employer. Further, the Ninth Circuit has held that personnel files are discoverable in federal question cases despite claims of privilege. *See Guerra v. Board of Trustees*, 567 F.2d 352 (9th Cir.1977); *Kerr v. United States District Court*, 511 F.2d 192, 197 (9th Cir.1975). The subpoena specifically requests materials from plaintiff's personnel file. No privilege protects those documents.

//

---

[1] Plaintiff makes four additional arguments. First, she claims that defense counsel lacked authority to issue the subpoena. On the record presented, defense counsel had authority because she is authorized to practice in the District of Arizona, where the action is pending. *See* FED.R.CIV.P. 45(a)(3). Second, plaintiff argues that the subpoena did not comply with the service requirements of FRCP 45(b)(1). Even if it did not, improper service is not grounds for the court to quash the subpoena. Third, plaintiff says that the defendant did not meet and confer before issuing the subpoena; however, the Rules do not impose such a requirement. Fourth, plaintiff claims that the information is irrelevant. The court notes that although Rule 45(c) does not list relevance as a reason to quash a subpoena, a party may only discover information "relevant to the subject matter" of the dispute. The information sought here is relevant to plaintiff's claim for lost wages. This subpoena cannot be quashed on relevance grounds.

2

1   Because plaintiff has not presented this court with a proper reason to quash the
2   subpoena, her motion is DENIED.

5   **IT IS SO ORDERED.**



9   Dated: 8/27/08
10  HOWARD R. LLOYD
    UNITED STATES MAGISTRATE JUDGE

**United States District Court**
For the Northern District of California

3

Notice will be sent to:

Aifang Shi, 4230 Laurel Street, Fremont, CA 94538

Christine Kriegsfeld  CKRIEGSFELD@LITTLER.COM

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.

Dated:        8/27/08                    /s/ MPK

Chambers of Magistrate Judge Howard R. Lloyd