*E-filed 10/21/08*

NOT FOR CITATION

UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

AIFANG SHI,

Plaintiff,

v.

CENTRAL ARIZONA COLLEGE, et. al,

Defendants.

Case No. 08-80131-RMW (HRL)

**ORDER ON PLAINTIFF'S MOTION FOR RECONSIDERATION OF ORDER DENYING MOTION TO QUASH**

Aifang Shi, a *pro se* plaintiff, sued Central Arizona College and four other individuals for improper dismissal from the College's nursing program under Title VI of the 1964 Civil Rights Act. She claimed damages for lost wages and emotional distress. After defendant's counsel subpoenaed Cypress Semiconductor Corporation ("Cypress") for documents in plaintiff's personnel file, plaintiff moved to quash. The motion was denied.

Plaintiff Shi next filed a motion for reconsideration of the order denying her motion to quash. Shi did not request or receive leave to file such a motion. Civ. L.R. 7-9(a)."No party may notice a motion for reconsideration without first obtaining leave of the court to file the motion." Civ. L.R. 7-9(a). Plaintiff's motion for reconsideration is, therefore, procedurally improper.

Despite that procedural error, and to give the plaintiff the benefit of liberal construction for *pro se* filings, the court construes her motion as a request for leave to file a motion for reconsideration. *See Haines v. Kerner,* 404 U.S. 529, 520-21 (1972)(stating that pro se pleadings should be "liberally construed.") The moving party in a motion for leave to file a motion for reconsideration must show that: (1) a material difference in fact or law exists from

that which was presented to the court, and the party did not know of such fact or law before entry of the order; (2) new material facts or a change of law occurred after the entry of the order; or (3) the court failed to consider material facts or legal arguments presented before entry of the order. *See* Civ. L.R. 7-9(b).

Shi alleges that the court failed to consider three legal arguments originally presented in her motion to quash: (1) whether compliance with the subpoena violated the Internal Revenue Service Code ("IRS Code"); (2) whether "character evidence is admissible to prove conduct;" and (3) whether "bais [sp] is allowed under the law."

Plaintiff first argues that IRS Code sections 6103, 7214 and 7431 prohibited enforcement of the subpoena. Shi claims that in complying with the subpoena, Cypress would necessarily disclose her tax information. The subpoena requested Cypress tp produce records "that would be housed in an employee's personnel and supervisor's file." Plaintiff failed to explain, either in her original moving papers, or in her current motion, why her tax return (the only information IRS Code section 6103 protects) would be housed in her personnel or supervisor's file. Tax returns are not usually filed with, or kept by, employers. Plaintiff's argument is purely speculative, and is not grounds for the court to grant a motion for reconsideration.

The second legal argument that plaintiff claims the court did not consider is based on Federal Rule of Evidence 404, which deems evidence of a person's character inadmissible to prove conduct. Plaintiff appears to assert that because character evidence from her Cypress personnel file would not be admissible in the underlying case, the court should quash the subpoena. Although plaintiff correctly reads Rule 404, discovery is not governed by the rules of evidence, but rather, by the more liberal standard of Federal Rule of Civil Procedure 26. Rule 26 permits discovery of any nonprivileged matter relevant to any party's claim or defense that appears *reasonably calculated* to lead to admissible evidence. Admissibility is not the standard used to determine discovery. Plaintiff's erroneous interpretation of the law is also not a basis for the court to grant her leave to file a motion for reconsideration.

2

Case 5:08-mc-80131-RMW    Document 14    Filed 10/21/08    Page 3 of 4

The final legal argument plaintiff asserts that the court did not consider is that "bais [sp] is not allowed under the law." Shi claims defendants' counsel disparages her *pro se* status, and seeks "irrelevant information to harass and intimidate" her. Shi is apparently upset that the defendants have sought to discover her employment history while refusing to answer interrogatories about their own employment histories. While the court is sympathetic to plaintiff's complaints, they are not grounds to quash a subpoena. Plaintiff's concerns are more appropriately addressed to the presiding judge of the underlying action in the Arizona District Court.

The court ruled on Shi's remaining arguments in its order on the motion to quash, and will not revisit its rulings. *See* Civ. L.R. 7-9(c). Because plaintiff has not presented any material facts or legal issues which would warrant the filing of a motion for reconsideration, the motion is DENIED. *See* Civ. L.R. 7-9(b).

**IT IS SO ORDERED.**

Dated:     10/21/08



_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

United States District Court
For the Northern District of California

<3>3</3>

Notice will be sent to:

Aifang Shi, 4230 Laurel Street, Fremont, CA 94538

Christine Kriegsfeld  CKRIEGSFELD@LITTLER.COM

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.

Dated: 10/21/08         /s/ MPK
                        Chambers of Magistrate Judge Howard R. Lloyd